# STATE OF MICHIGAN

# COURT OF APPEALS

EDWARD STOKES,

Plaintiff-Appellant,

UNPUBLISHED
August 6, 2015

v

ADAM OIL, LLC, d/b/a MOBILE MART,

Defendant-Appellee.

No. 321855
Oakland Circuit Court
LC No. 2013-133011-NO

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

In this "black ice" slip-and-fall case, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). We reverse and remand.

On February 22, 2012, plaintiff was working the midnight shift for the United States Postal Service when he needed to get gas early in the morning. Approximately 30 minutes before plaintiff arrived at defendant's gas station, a woman had spilled gasoline on the ground near a gas pump. A witness testified that shortly thereafter, one of defendant's employees came outside with a bucket of water[1] to clean up the gas spill. Plaintiff arrived at the gas station and parked at the same pump where the woman had spilled the gas earlier. Plaintiff testified that while he was pumping his gas, one of defendant's employees was throwing water on the gas spill behind plaintiff's van. Plaintiff decided to enter defendant's building to purchase a coffee and walked around the front of his van to avoid the employee tossing water in the rear. As he walked around the front of the van, plaintiff slipped and fell while he was talking to a friend nearby.

Plaintiff testified that he could not remember if there was precipitation during the incident. Plaintiff's friend testified that there was an ice storm the prior night and ice all around the premises, along with a constant "misting" throughout the duration of the incident. The friend stated that the ice "was kind of hard to see because it's a blacktop . . . ." One of defendant's employees, however, testified that there was only a "[l]ittle ice" on the premises and that it was

---

[1] The witness testified that the water was "cold water" because "it was extremely cold that day" and "there was no steam that came from the ground when he poured the water . . . ."

-1-

next to plaintiff's vehicle. The employee described it as "[a] little bigger" than an "eight by ten [piece of] paper." Defendant's employees stated that they could not recall the weather conditions at the time of the incident, but one employee stated that "four, five days prior to [the date of the incident] there was no snow."

Appellate courts review de novo whether a trial court properly granted a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. See, e.g., *id*. When ruling on the motion, a court considers the pleadings, depositions, admissions, and other evidence submitted. *Belmont v Forest Hills Pub Schools*, 114 Mich App 692, 696; 319 NW2d 386 (1982). The motion should be granted if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10).

Plaintiff first argues that his complaint sounded in ordinary negligence, thus falling outside the purview of the open-and-obvious doctrine. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis v Trinity Continuing Care*, 296 Mich App 685, 692; 822 NW2d 254 (2012). "'[I]t is well settled that the gravamen of an action is determined by reading the complaint as a whole and by looking beyond mere procedural labels to determine the exact nature of the claim.'" *Id*., quoting *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007). "Terms such as 'premises possessor' and 'dangerous condition on the land' relate to the elements of a premises liability, rather than ordinary negligence, claim." *Wheeler v Central Mic Inns, Inc*, 292 Mich App 300, 304; 807 NW2d 909 (2011).

Plaintiff's complaint uses terminology such as "premises" and alleges that defendant had a duty to maintain the premises to protect invitees from "dangerous conditions." In addition, plaintiff's complaint contains no separate count labeled "negligence." Plaintiff's claim sounded in premises liability.

Plaintiff further contends that the black ice in question was not open and obvious. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. This is an *objective standard*, calling for an examination of the objective nature of the condition of the premises at issue." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012) (citation and quotation marks omitted). In a premises liability case involving accumulation of ice and snow, courts ask "whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Id*. at 464. Additionally, this Court has "decline[d] to extend the doctrine to black ice without evidence that the black ice in question would have been visible on casual inspection before the fall or without other indicia of a potentially hazardous condition." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008).

In *Slaughter*, *id*. at 475, the plaintiff slipped and fell on a patch of black ice at the defendant's gas station as she was exiting her vehicle. The lot was paved with blacktop, and she

did not see the black ice. *Id*. It had not snowed for several days before the incident. *Id*. Yet, there was a light rain that started shortly before the incident occurred. *Id*. at 476. This Court affirmed the lower court decision that there was a question of material fact regarding whether a reasonable person upon casual inspection would have been able to see the black ice before an incident could possibly have occurred. *Id*. at 484. This Court stated that it was "not persuaded that the recent onset of rain wholly revealed the condition . . . ." *Id*. at 483.

In *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010), the plaintiff slipped and fell on black ice on the defendant's premises. Earlier during the day of the incident, there was misting and freezing rain, and at all times there were below-freezing temperatures. *Id*. Additionally, there was evidence of accumulated snow around the defendant's premises. *Id*. The Supreme Court cited *Slaughter* as controlling precedent and concluded that because there were sufficient indicia of a potential hazardous condition, the black ice in that case was open and obvious. *Id*.

In this case, we conclude that there is a dispute concerning whether the black ice was an open and obvious danger. While defendant's friend testified about an ice storm and misting, no other witness, including plaintiff, could recall these conditions, and an expert witness who analyzed meterological data made no mention of these conditions but instead stated that "conditions . . . caused ice to form next to Defendant's gas pumps in an area where *snow melt fell from the above awning onto the pavement* . . . the same area where one of Defendant's employees dumped a bucket of water about thirty minutes earlier" (emphasis added). Moreover, plaintiff's friend testified that the ice he alleged was covering the premises was difficult to see. In addition, one of defendant's employees testified that there was only a very small patch of ice on the premises, in the area where plaintiff fell. Finally, the parties offered differing interpretations of video evidence, with defendant alleging in its brief that a video showed obvious ice, and with plaintiff's expert stating that video footage showed *no* obvious ice.

Viewing the evidence in the light most favorable to the nonmoving party, there is a dispute about whether a reasonable person upon casual inspection, given the surrounding conditions, would have foreseen the possibility that black ice existed and was a threat to plaintiff's safety.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter