SLAUGHTER v BLARNEY CASTLE OIL COMPANY

Docket No. 283266. Submitted October 14, 2008, at Lansing. Decided November 6, 2008, at 9:00 a.m. Leave to appeal sought.

Judy Slaughter brought a premises-liability action in the Manistee Circuit Court against Blarney Castle Oil Company after she slipped and fell on black ice at the defendant's gas station while the plaintiff and her husband were there to refuel her truck. The court, James M. Batzer, J., denied motions for summary disposition by the defendant, which had argued that black ice, by itself, is an open and obvious danger in Michigan during winter. The defendant appealed.

The Court of Appeals *held*:

A premises possessor owes a duty to undertake reasonable efforts to make its premises reasonably safe for its invitees. A premises possessor is generally not required to protect its invitees from open and obvious dangers. The standard for determining if a condition is open and obvious is whether an average user with ordinary intelligence would have been able to discover the danger and the risk presented upon casual inspection. Black ice, defined as an invisible or nearly invisible coating of ice on a paved surface, is not an open and obvious danger where it is not visible upon casual inspection or is without other indicia of a potentially hazardous condition. In this case, there remains a question of fact regarding whether an average person of ordinary intelligence would have been able upon casual inspection to discover the danger and risk posed by the black ice.

Affirmed.

NEGLIGENCE — PREMISES LIABILITY — OPEN AND OBVIOUS DANGERS — BLACK ICE.

A premises possessor is generally not required to protect an invitee from open and obvious dangers; black ice, an invisible or nearly invisible coating of ice on a paved surface, if it is not visible upon casual inspection or if it is without other indicia of a potentially hazardous condition, is not an open and obvious danger.

*Morrissey, Bove & Ebbott, P.C.* (by *Christopher J. Ebbott*), for the plaintiff.

*Warner Norcross & Judd LLP* (by *F. William McKee* and *Sarah Riley Howard*) for the defendant.

Before: BECKERING, P.J., and BORRELLO and DAVIS, JJ.

BECKERING, P.J. In this premises liability action, defendant appeals by leave granted the trial court's order denying its motion for summary disposition, limited to the issue whether black ice without the presence of snow is an open and obvious danger. We affirm. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

### I. PERTINENT FACTS

Plaintiff injured her back when she slipped and fell while an invitee at defendant gas station. Plaintiff alleges that on December 31, 2004, she and her husband traveled from Linden, Michigan, to Manistee, Michigan, in order to visit a casino and attend a theatrical performance. The weather was sunny during their drive north that morning. It did not snow that day, nor at any time during the prior week. When plaintiff and her husband headed to the show in the evening, the weather in Manistee was cloudy.

After the show, at some time between midnight and one o'clock in the morning, plaintiff and her husband stopped at the defendant gas station to refill their gas tank in preparation for the return trip. Plaintiff needed to use the restroom, and fell while alighting from her truck. Holding onto the door of the vehicle, plaintiff had placed her right foot on the running board, swung out, and stepped onto the pavement with her left foot. She had immediately lost her footing on black ice and slid underneath the truck. The parking lot was paved with black asphalt, and plaintiff was not able to observe ice

or snow. It was, however, starting to rain at the time of her fall. Plaintiff told the gas station attendant she had fallen and advised him to salt the parking lot to make it less slippery.

Plaintiff filed suit, and defendant filed two motions for summary disposition in the trial court; one filed before answering the complaint and the other filed upon the completion of discovery.[1] At the first motion, the trial court questioned defendant's attempt to further extend the open and obvious danger doctrine to black ice—something that, by its nature and without other indicators, is not open and obvious. Addressing the principle behind the open and obvious danger doctrine, the court commented, "[I]t seems to me that what sets so-called black ice apart in its capacity to be treacherous is that it's not visible. It's a fairly invisible kind of ice. And so people get tripped up on it, as it were."

Defendant argued that black ice should be considered open and obvious by the mere fact that any prudent Michigan resident knows that in winter months in Michigan, there is ice and snow on the ground. The trial court agreed with the general principle that obvious weather conditions should fall within the open and obvious danger doctrine, but took issue with the idea that the doctrine should apply to conditions that are, in fact, invisible, stating: "Well, sure. I agree. Except what if you look and you can't see it? Does that mean you don't dare walk? You don't dare get out of a car? You just got to stand there? Or should we all carry ski poles with spikes in them? Crampons on our boots? What do we do? What do we do if we look and can't see it? That's my question." The judge denied the motion and ordered

---

[1] Both motions were brought under MCR 2.116(C)(10).

that discovery be taken to ascertain whether, under the circumstances of the case, the condition was open and obvious.

After the completion of discovery, defendant renewed its motion for summary disposition. The trial court denied the motion, holding that given the circumstances, there was a question of fact regarding whether an average person of ordinary intelligence would have been able to discover the danger and risk upon casual inspection. Defendant appeals by leave granted.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Dressel v Ameribank,* 468 Mich 557, 561; 664 NW2d 151 (2003). Issues of law are also reviewed de novo. *Mahaffey v Attorney General,* 222 Mich App 325, 334; 564 NW2d 104 (1997). Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence submitted by the parties, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Veenstra v Washtenaw Country Club,* 466 Mich 155, 164; 645 NW2d 643 (2002).

## III. DUTY OF CARE AND THE OPEN AND OBVIOUS DANGER DOCTRINE

It is well settled in Michigan that a premises possessor owes a duty "to undertake reasonable efforts to make its premises reasonably safe for its invitees." *Lugo v Ameritech Corp, Inc,* 464 Mich 512, 526; 629 NW2d 384 (2001). As such, a premises possessor "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm

caused by a dangerous condition on the land." *Id.* at 516, citing *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995).

A premises possessor is generally not required to protect an invitee from open and obvious dangers.[2] The logic behind the open and obvious danger doctrine is that "an obvious danger is no danger to a reasonably careful person." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474; 499 NW2d 379 (1993). Accordingly, when the potentially dangerous condition "is wholly revealed by casual observation, the duty to warn serves no purpose." *Id.* If this purpose is frustrated by the application of the doctrine to a particular set of facts because the condition is for all practical purposes invisible and indiscernible, then the application of the open and obvious danger doctrine would not be appropriate.

"[I]f special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk." *Lugo, supra* at 517. The special aspects that cause even open and obvious conditions to be actionable are those that make the conditions "effectively unavoidable," or those that "impose an unreasonably high risk of severe harm." *Id.* at 518.

The standard for determining if a condition is open and obvious is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection."

---

[2] The rationale behind imposing a duty upon the premises possessor for hidden or latent defects is that the burden "should rest upon the one who is in control or possession of the premises and, thus, is best able to prevent the injury." *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 91; 485 NW2d 676 (1992).

*Novotney, supra* at 475. The test is objective, and the inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous. *Corey v Davenport College of Business (On Remand)*, 251 Mich App 1, 5; 649 NW2d 392 (2002).

When applying the open and obvious danger doctrine to conditions involving the natural accumulation of ice and snow, our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months. In *Joyce v Rubin*, 249 Mich App 231, 239-240; 642 NW2d 360 (2002), this Court determined that the danger posed by a visibly snowy and icy sidewalk, on which plaintiff slipped twice before falling and recognized as being unsafe, was open and obvious. In *Corey, supra* at 2, 5-6, this Court held that a reasonable person would recognize the danger posed by visibly snowy and icy steps outside a college dormitory and that the condition therefore was open and obvious.

In *Kenny v Kaatz Funeral Home, Inc*, 264 Mich App 99, 101-102, 119 (GRIFFIN, J., dissenting); 689 NW2d 737 (2004) (*Kenny I*), rev'd 472 Mich 929 (2005) (*Kenny II*), a 78-year old lifelong Michigan resident slipped and fell in a parking lot in December. She did so after witnessing three companions get out of a vehicle in the parking lot and hold onto the hood of the car to keep their balance. *Id.* In his dissent, Judge GRIFFIN opined that under those circumstances, "all reasonable Michigan winter residents would conclude that the snow-covered parking lot was slippery." *Id.* at 120. Judge GRIFFIN adopted the reasons articulated by the trial court, which noted

that a lifelong Michigan resident should be aware that ice frequently forms beneath the snow during snowy December nights. *Id.* at 119. Our Supreme Court subsequently adopted Judge GRIFFIN's dissenting opinion. *Kenny II, supra.*

In *Ververis v Hartfield Lanes (On Remand)*, 271 Mich App 61, 65; 718 NW2d 382 (2006), this Court was faced with determining whether the Supreme Court in *Kenny II* was adopting one of two possible rules:

> First, a snow-covered surface might always, by its very nature, present an open and obvious danger because it is likely to be slippery as a result of underlying ice or for some other reason. Alternatively, a snow-covered surface would not present an open and obvious danger unless there is some other reason, in the facts of a particular case, that would lead a plaintiff to reasonably conclude that it is slippery.

In *Ververis*, "there was no independent factor, beyond the snowy surface itself, that would reasonably have alerted [the plaintiff] to the fact that it was slippery." *Id.* at 66. In determining which rule applies, this Court considered the fact that the Supreme Court summarily reversed three other cases that had relied on *Kenny I* in determining that snow-covered ice did not constitute an open and obvious danger; *Schultz v Henry Ford Health Sys*, 474 Mich 948 (2005), *Morgan v Laroy*, 474 Mich 917 (2005) (*Morgan II*), and *D'Agostini v Clinton Grove Condominium Ass'n*, 474 Mich 876 (2005). "The Supreme Court reinstated the trial court decisions that the defendants were entitled to summary disposition on the open and obvious danger question even though there were no factors in those cases, other than the snow-covered surfaces themselves, that would have forewarned the plaintiffs regarding their slipperiness." *Ververis, supra* at 66-67. Thus, on the basis of those rulings, this Court held "as a matter of law that, by its very nature, a snow-covered

surface presents an open and obvious danger because of the high probability that it may be slippery." *Id.* at 67.

The open and obvious danger doctrine was also applied to black ice in a snow-covered parking lot in *Royce v Chatwell Club Apartments*, 276 Mich App 389, 394; 740 NW2d 547 (2007), a case in which the plaintiff stepped off a sidewalk into a parking lot, slipped on snow-covered black ice, and slid underneath her car. The plaintiff had observed that the pavement was snow-covered, but did not otherwise realize that the surface was slippery. *Id.* at 390, 394.

With regard to ice-covered surfaces without the presence of snow, the Supreme Court has held that the danger posed by visible frost and ice is open and obvious. *Perkoviq v Delcor Homes—Lake Shore Pointe, Ltd*, 466 Mich 11, 14; 643 NW2d 212 (2002). In *Perkoviq*, the plaintiff, a painter, fell from the roof of a partially constructed house after he had told the defendant that the roof was icy. *Id.* at 12, 14.

Thus, absent special circumstances, Michigan courts have generally held that the hazards presented by snow, snow-covered ice, and observable ice are open and obvious and do not impose a duty on the premises possessor to warn of or remove the hazard.[3] There is no published opinion, however, that addresses whether black ice, without the presence of snow, is considered an open and obvious danger in and of itself.

### IV. ANALYSIS

Defendant argues that the "vast weight of published and unpublished cases from this Court and our Su-

---

[3] If special circumstances exist, "the premises possessor has a duty to take reasonable measures to protect invitees from that risk." *Royce, supra* at 392, citing *Lugo, supra* at 517.

preme Court strongly suggest that the reasonable Michigan resident should know of the potential hazardous weather conditions in parking lots in the winter, regardless of the presence of snow or not."[4] Thus, defendant contends, the mere presence of black ice in Michigan at any time during the winter should be deemed open and obvious as a matter of law.

Plaintiff contends that under the circumstances of this case, she had no warning of icy conditions on defendant's premises and that, the condition therefore was not open and obvious. Further, plaintiff contends that special circumstances existed because the condition posed an unreasonable risk and was unavoidable.

To determine whether black ice is open and obvious, one must consider the logic behind the open and obvious danger doctrine, which, as stated earlier, is that "an obvious danger is no danger to a reasonably careful person." *Novotney, supra* at 474. We are asked to determine whether "an average user with ordinary intelligence" would be able to discover black ice "upon casual inspection," absent the presence of snow. *Id.* at 475.

Perhaps the best way to ascertain whether black ice is open and obvious is to examine the characteristics of black ice. Webster's New World College Dictionary (4th ed), p 151, describes black ice as "a thin, nearly invisible layer of ice on a paved road." Merriam-Webster's Collegiate Dictionary (11th ed), p 129, defines black ice as "a nearly transparent film of ice on a dark surface (as a paved road or a body of water) that is difficult to see." The American Heritage Dictionary of the English Language (4th ed), p 191, defines black ice as "[a] thin, nearly invisible coating of ice that forms on paved

---

[4] Unpublished opinions have varied in their analysis of this issue, and they are not binding precedent of this Court. MCR 7.215(C)(1).

surfaces." The New Oxford American Dictionary (2nd ed), p 172, describes it as "a transparent coating of ice, found esp. on a road or other paved surface." The American Century Dictionary (2005), p 60, defines it as a "thin layer of invisible ice on a road, etc."

The overriding principle behind the many definitions of black ice is that it is either invisible or nearly invisible, transparent, or nearly transparent. Such definition is inherently inconsistent with the open and obvious danger doctrine. Consequently, we decline to extend the doctrine to black ice without evidence that the black ice in question would have been visible on casual inspection before the fall or without other indicia of a potentially hazardous condition.

With regard to whether other evidence of an open and obvious danger existed in this case, there was no snow on the ground, and it had not snowed in a week. Before alighting from her truck, plaintiff did not observe anyone else slip or hold onto an object to maintain his or her balance. She did not see the ice before she fell, and could not readily see it afterwards. Although it was starting to rain at the time of plaintiff's fall, the danger and risk presented by a wet surface is not the same as that presented by an icy surface. Contrary to defendant's assertion that the mere fact of it being wintertime in northern Michigan should be enough to render any weather-related situation open and obvious, reasonable Michigan winter residents know that each day can bring dramatically different weather conditions, ranging from blizzard conditions, to wet slush, to a dry, clear, and sunny day. As such, the circumstances and specific weather conditions present at the time of plaintiff's fall are relevant. We are not persuaded that the recent onset of rain wholly revealed the condition and

its danger as a matter of law such that a warning would have served no purpose. See *Novotney, supra* at 474.

We agree with the trial court that there remains a question of fact regarding whether an average person of ordinary intelligence would have been able to discover the danger and risk upon casual inspection, and affirm the denial of summary disposition in this matter. Given our ruling, we need not address plaintiff's alternative argument that special circumstances existed.

Affirmed.