JANSON v SAJEWSKI FUNERAL HOME, INC

Docket No. 284607. Submitted August 12, 2009, at Detroit. Decided August 25, 2009, at 9:05 a.m.

Thomas Janson brought an action in the Wayne Circuit Court against Sajewski Funeral Home, Inc., seeking damages for injuries sustained when he slipped and fell on black ice in the defendant's parking lot. The court, Cynthia D. Stephens, J., granted summary disposition for the defendant, concluding that the icy conditions on the defendant's parking lot were open and obvious and that black ice presented no special aspects that would preclude the application of the open and obvious danger doctrine. The plaintiff appealed.

The Court of Appeals *held*:

The defendant's argument that black ice in Michigan is an open and obvious danger as a matter of law must be rejected. In the absence of other, visible indicia of the otherwise invisible hazard, black ice, by itself, cannot be open and obvious. Nothing in the record indicates that the plaintiff saw any ice in the parking lot or observed anyone else slip on the parking lot, and there was no snow around the area where the plaintiff fell. There was no evidence that there were visible indicia of the presence of black ice. The trial court erred by applying the open and obvious danger doctrine. The order granting summary disposition must be reversed, and the case must be remanded to the trial court for further proceedings.

Reversed and remanded.

NEGLIGENCE — PREMISES LIABILITY — OPEN AND OBVIOUS DANGERS — BLACK ICE.

A premises possessor is generally not required to warn an invitee of open and obvious dangers; black ice, in the absence of some other, visible indicia of the otherwise invisible hazard that it presents, is not by itself an open and obvious danger.

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Greg M. Liepshutz*) (*Daryl Royal*, of counsel), for the plaintiff.

*Garan Lucow Miller, P.C.* (by *Sarah E. Robertson*), for the defendant.

Before: CAVANAGH, P.J., and MARKEY and DAVIS, JJ.

DAVIS, J. Plaintiff appeals as of right from an opinion and order granting summary disposition in favor of defendant. We reverse and remand.

This case arises out of plaintiff's slip and fall on black ice in defendant's parking lot. The injury took place in the early evening on March 2, 2006. There had been light precipitation earlier in the day and temperatures had been below freezing all day. The roads were clear, although a witness testified that they had been icy in the morning and salt trucks had been operating. Defendant's parking lot had been largely cleared of snow, and it had been salted in the morning because it had been icy. By the afternoon, defendant's operator believed that there was no ice remaining on the lot. A witness testified that he had difficulty walking on the lot because of patches of black ice "everywhere in the parking lot" shortly before plaintiff's fall. At approximately 6:15 p.m., plaintiff parked his car at the far end of the parking lot because the lot was almost full. Plaintiff had been to defendant's funeral home numerous times previously.[1] Plaintiff walked approximately three-quarters of the way from his car to the entrance then slipped and fell. Plaintiff testified that the area where he fell was a slippery patch of ice five- to six-feet wide and that he encountered no other ice on the lot. Defendant's operator did not "see any ice per se," but found the area of the fall "a little bit on the slick side."

---

[1] Plaintiff testified that the Veterans of Foreign Wars organization customarily held memorial services for deceased veterans at defendant's funeral home. Plaintiff, a retired command sergeant major of the United States Army, attended such memorial services regularly.

A witness to plaintiff's fall, Phillip Steven Merrow, believed that plaintiff slipped on one of the patches of ice in the parking lot. Plaintiff fractured his right ankle.

At issue in this appeal is whether the trial court correctly granted summary disposition in defendant's favor, concluding that the icy conditions on defendant's parking lot were open and obvious and that black ice possessed no special aspects that would preclude application of the open and obvious danger doctrine. A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We conclude that the trial court erred.

"To establish a prima facie case of negligence, a plaintiff must prove: (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach caused the plaintiff's injuries, and (4) the plaintiff suffered damages." *Kosmalski ex rel Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 60; 680 NW2d 50 (2004). Plaintiff was an invitee on defendant's premises, so defendant owed plaintiff a duty of care to warn of any known dangers, use reasonable care to prepare the premises and make them safe, and, if applicable, effectuate necessary repairs. *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 712; 737 NW2d 179 (2007); *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). However, an invitor generally need not warn invitees of "open and obvious" dangers. If the danger and the risk therefrom would be readily apparent to an ordinary person upon casual inspection, issuing a warning is usually pointless. See *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478-479; 760 NW2d 287 (2008). But an exception to the "open and

obvious" danger doctrine is where "special aspects" make a condition either effectively unavoidable or pose an unreasonably high risk of severe harm. *Id.*

We initially reject defendant's argument that black ice in Michigan is an open and obvious danger as a matter of law. In fact, very nearly the opposite is true: the "overriding principle" behind "many definitions" of black ice is its invisibility, which is "inherently inconsistent with the open and obvious danger doctrine." *Id.* at 483. Rather, several cases have held that ice may be open and obvious under some circumstances where *other facts* present should have alerted a Michigan resident to the likelihood of the hazard. Precedent from this Court and from our Supreme Court has explained that a long-term Michigan resident should be aware that ice might lurk under snow or after certain kinds of weather conditions,[2] that observing other people slipping on a surface should constitute a warning that the surface is slippery, and that ordinary ice may well be visible. See *Ververis v Hartfield Lanes (On Remand)*, 271 Mich App 61, 65-67; 718 NW2d 382 (2006). But in the absence of some other, visible indicia of an otherwise-invisible hazard, black ice per se simply cannot be "open and obvious." See *Slaughter, supra* at 483.

In this case, weather records and testimony indicated that the temperature remained below freezing on the day of the incident, but the precipitation was light and had tapered off earlier that day. Plaintiff testified that the roads leading to defendant's funeral home were clear. Defendant's parking lot also appeared to be clear. Plaintiff testified that he had not encountered any

---

[2] We have not found any published authority suggesting whether a resident of any other state, or a Michigan resident who had not lived in Michigan for any great length of time, would also be expected to predict ice underneath snow or understand the vagaries of Michigan weather.

other patches of ice in defendant's parking lot before his fall. Defendant's operator testified that he salted the parking lot and that the area where plaintiff fell seemed slippery even though he did not see any ice there. Merrow testified that there were patches of ice throughout the parking lot and that although he encountered them, he did not see any of them. We find nothing in the record to show that plaintiff saw anyone else slip on the parking lot surface, nor do we find any indication that there was any snow around the area where plaintiff fell. Given these facts, it would be inappropriate to apply the open and obvious danger doctrine.

Given our conclusion that the trial court erred by applying the open and obvious danger doctrine, we need not consider whether any special aspects of the situation would otherwise have precluded the doctrine's application.

Reversed and remanded. We do not retain jurisdiction.