# STATE OF MICHIGAN

# COURT OF APPEALS

---

SHIRLEY METZLER and MELVIN METZLER,

      Plaintiffs-Appellants,

v

GSM AMERICA, INC., and GREENFIELD
PROPERTIES & MANAGEMENT LLC,

      Defendants-Appellees.

UNPUBLISHED
February 2, 2017

No. 328778
Wayne Circuit Court
LC No. 14-009072-NO

---

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order granting summary disposition to defendants in this premises liability action.[1] We affirm.

Plaintiffs, Shirley Metzler and her husband Melvin Metzler, visited a store located on defendants' property. Shirley said the weather that day was clear and she had no trouble seeing where she was going. On her way out of the store, Shirley walked around an entrance pillar and tripped over an elevated portion of a sidewalk that abutted the store's red brick paver entrance. Shirley fell and injured her finger, which required surgery.

Plaintiffs argue that the trial court erred in concluding that there was no genuine issue of material fact regarding whether the hazardous condition on defendants' property was open and obvious. We disagree.

Defendants brought their motion under MCR 2.116(C)(8) and (C)(10), but the trial court did not indicate which standard it relied on to grant defendants' motion. Because the trial court considered evidence outside the pleadings, we review the decision as though it were made pursuant to MCR 2.116(C)(10). *Steward v Panek*, 251 Mich App 546, 555-556; 652 NW2d 232 (2002). This Court reviews de novo a trial court's granting of a defendant's motion for summary disposition under MCR 2.116(C)(10). *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). This Court considers the affidavits, pleadings, depositions, admissions, and other

---

[1] Plaintiffs are not challenging the dismissal of their other claims.

documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). Summary disposition is appropriate under MCR 2.116(C)(10) when there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A genuine issue of material fact exists when, giving the benefit of reasonable doubt to the opposing party, the record leaves open an issue upon which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

To prevail on a premises liability claim, a plaintiff must prove the elements of negligence: duty, breach, causation, and damages. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). In this case, the parties do not dispute that plaintiffs were invitees. "Generally, an owner of land owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Id*. (citation and quotation marks omitted).

Relevant to this case is the long-held rule that the duty to exercise reasonable care "does not extend to open and obvious dangers." *Id*. When "dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn an invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id*. (citation and quotation marks omitted). "The standard for determining if a condition is open and obvious is whether an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008) (citation and quotation marks omitted). "The test is objective, and the inquiry is whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Id*. at 479.

Plaintiffs argue (1) the elevated sidewalk on defendants' property was not viewable upon casual inspection because of its slight increase in elevation, and (2) the fact that the elevated sidewalk was concealed behind a pillar also raises a genuine issue of material fact regarding whether the hazard was open and obvious. Plaintiffs' arguments fail.

First, there is no question that the elevated sidewalk alone was open and obvious. A photograph of the area where the incident occurred shows a distinct difference in elevation where the red brick pavers meet the sidewalk. This elevation would be noticeable upon casual inspection. Indeed, the weather was clear and the coloring of the ground distinguished the red brick paver and concrete surfaces, making it easy for a reasonable person to see the condition upon casual inspection.

Plaintiffs claim that they should not have been expected to notice the elevated sidewalk when the property owner stated in his deposition that he had never noticed the elevated sidewalk, despite working on the property for over 10 years. However, the question is not whether the property owner ever saw the hazard, but whether a reasonable person in the plaintiff's position would have seen the hazard upon casual inspection. *Slaughter*, 281 Mich App at 479. The trial court did not err in determining that a reasonable person would have noticed the elevated sidewalk and its contrasting color. Therefore, the hazard was open and obvious.

-2-

Second, the trial court did not err when it held that the elevated sidewalk was open and obvious despite the fact that the hazard was located behind a pillar. When Shirley exited the building, she proceeded around the entrance's pillar and immediately tripped over the elevated sidewalk. The photograph shows that the pillar may cut off at least some of the sight line between the doorway and the elevated sidewalk, making it more difficult for a person exiting the store to see the hazard until walking around the pillar. Therefore, the question turns on whether a reasonable person, in Shirley's position, would have noticed the elevated sidewalk while making his or her way around the pillar. *Id*.

In *Price v Kroger Co*, 284 Mich App 496, 498-502; 773 NW2d 739 (2009), a case emphasized by plaintiffs, this Court held that there was a genuine issue of material fact regarding whether a small, one-inch wire, which snagged on the plaintiff's pants and caused her to fall and which was protruding from a candy bin, was open and obvious when the bin had blocked the plaintiff's view of the wire before she fell. This Court noted that because of the wire's "small size, its location at close to floor level, *the impediment to visibility posed by the bulk of the candy-filled bin*," and the store employee's failure to see the wire, there was a question regarding whether a reasonable person would have been able to see the hazard upon casual inspection. *Id*. at 502 (emphasis added). The same cannot be said about the hazard in this case—the elevated sidewalk is substantially taller than the abutting red brick paver entranceway, and the pillar does not entirely impede the visibility of the alleged hazard. Given the pillar's slender design and the longer width of the sidewalk, a reasonable person would quickly see the sidewalk and its difference in elevation. This is particularly apparent given the change in the coloring of the ground from dark red pavers to the lighter grey concrete and the clear visibility on that day. Thus, there was no genuine dispute of material fact that the elevated sidewalk was open and obvious and reversal is unwarranted.[2]

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter

---

[2] We note that plaintiffs do not make a "special aspects" argument on appeal. See *Slaughter*, 281 Mich App at 478.