*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# 8STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM KYLE BUCK,

  Plaintiff-Appellant,

v

JAMES CORY TRUST and CORY'S
RESTAURANT, INC., doing business as
JIMMY'S ROADHOUSE,

  Defendants-Appellees.

UNPUBLISHED
May 9, 2019

No. 344090
Newaygo Circuit Court
LC No. 17-020241-NO

Before: BOONSTRA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

In this premises-liability action, plaintiff appeals as of right the trial court's order granting summary disposition to defendants, premised upon its conclusion that plaintiff was injured by an open-and-obvious hazard. We affirm.

## I. BACKGROUND

This case concerns plaintiff's slip and fall on an icy step leading to the entrance of defendants' restaurant in Newaygo on February 20, 2014. On that day, plaintiff and his friend, Jeff Stuhan, arrived at the restaurant around noon after a morning of fishing. According to plaintiff, the temperature outside was around the freezing mark and snow lined the sides of the road near the restaurant.

The main entrance to the restaurant consisted of two wooden steps with a handrail leading to a wooden walkway with a door.[1] The roof hung over the wooden walkway and stairs. According to plaintiff, snow melted from the roof and steadily dripped from the eaves of the

---

[1] A ramp to the right of the steps formed a second entrance; however, plaintiff testified that a snow bank blocked the ramp on the day in question.

overhang to form a puddle of standing water in front of and to the left of the entrance steps. Stuhan approached the entrance first, walked through the puddle and up the stairs without issue. Plaintiff followed Stuhan but walked around the puddle and attempted to ascend the right portion of the steps. Plaintiff alleges that he slipped on ice on the first step, fell, and suffered severe injuries to his shoulder. Plaintiff testified that he did not see the ice on the step as he was entering the restaurant, but explained that his focus was likely on Stuhan at the time. When plaintiff exited the restaurant, he could see that the step was icy.

Plaintiff brought a complaint against defendants in which he pleaded claims of ordinary negligence and premises liability. The trial court concluded that the action sounded in premises liability rather than ordinary negligence and dismissed plaintiff's ordinary-negligence claim. The trial court then granted summary disposition to defendants under MCR 2.116(C)(10) on plaintiff's premises-liability claim, concluding that the icy step was an open-and-obvious hazard. This appeal followed.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred by granting summary disposition to defendants on his premises-liability claim. Plaintiff does not challenge the trial court's dismissal of his claim for ordinary negligence.

"We review de novo a trial court's grant or denial of summary disposition." *Tomra of North America, Inc v Dep't of Treasury*, 325 Mich App 289, 293-294; ___ NW2d ___ (2018). "A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and is appropriately granted when, except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id*. at 294.

"The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land." *Lymon v Freedland*, 314 Mich App 746, 757; 887 NW2d 456 (2016) (internal quotation marks and citation omitted). Here, the parties do not disagree that plaintiff, as a restaurant patron, was defendants' invitee. Generally, a possessor of land owes an invitee a duty "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (internal citation and quotation marks omitted).

The premises possessor, however, is "not an absolute insurer of the safety of an invitee," and, accordingly, its "duty does not extend to open and obvious dangers" *Id*. (internal citations and quotation marks omitted). "Whether a danger is open and obvious involves an objective inquiry to determine whether it is reasonable to expect that an average person with ordinary intelligence would have discovered the danger upon casual inspection." *Lymon*, 314 Mich App at 758 (internal citation, quotation marks, and brackets omitted). Thus, when "the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Buhalis*, 296 Mich App at 693 (internal citation and quotation marks omitted). The open-and-obvious doctrine is not an exception to the

duty owed by a premises possessor, but an integral part of that duty, and its application is a question of law for the court to decide. *Id*.

Plaintiff argues that the icy step was not an open-and-obvious hazard because it was not visible upon casual inspection and there were no other indicia of a potential danger. We disagree. "Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Estate of Trueblood v P&G Apartments, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 340642); slip op at 5 (internal citation and quotation marks omitted). Plaintiff argues that this general principle does not apply here because the temperature was above freezing at the time of his fall. While that may be true, it does not mean that ice was not a possibility. Indeed, plaintiff's fall occurred in February when snow piles were still present. Plaintiff himself testified that there was still snow on the ground and that the temperature was near freezing if it did not actually dip below the freezing mark at times. See *Ragnoli v North Oakland-North Macomb Imaging, Inc*, 500 Mich 967 (2017) ("[T]he presence of wintery weather conditions and of ice on the ground elsewhere on the premises rendered the risk of a black ice patch open and obvious such that a reasonably prudent person would foresee the danger of slipping and falling.") (internal citation and quotation marks omitted).[2]

Moreover, plaintiff testified that he was aware of a large puddle in front of the steps and stated that he was maneuvering around the puddle when he fell on the step. The puddle's proximity to the step should have apprised plaintiff that the step could be wet. Aside from the fact that a wet step may itself be slippery, when combined with the near-freezing temperatures on the day in question, the puddle should have alerted plaintiff to the possibility of ice on the step. Finally, plaintiff acknowledged in his testimony that, although he did not actually see the ice on the step, this was likely because he was not looking at the step. Indeed, plaintiff had no difficulty seeing the ice upon his exit from the building. Accordingly, we conclude that an average person in plaintiff's position would have uncovered the icy step upon casual inspection.

Therefore, the trial court did not err by finding that the icy step was an open-and-obvious danger. That a hazard is open and obvious, however, generally does not end our inquiry. Rather, summary disposition is appropriate only when the open-and-obvious danger does not involve any "special aspects" that create an "unreasonable risk of harm." *Lymon*, 314 Mich App at 758 (internal citations, quotation marks, and emphasis omitted). Nonetheless, because plaintiff has not alleged that any special aspects of the icy step created an unreasonable risk of harm, we conclude that the trial court properly granted summary disposition to defendants. See *id*. at 759

---

[2] See also *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935 (2010); *Estate of Trueblood*, ___ Mich App at ___; slip op at 5-6; *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008).

(noting that the plaintiff bears the burden to demonstrate any special aspects of an open-and-obvious hazard). [3]

Affirmed.

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood

---

[3] Because we conclude that the trial court did not err by granting summary disposition to defendants under the open-and-obvious-danger doctrine, we need not reach the parties' arguments regarding whether defendants had notice of the hazardous step.