*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICK SHIELDS,

        Plaintiff-Appellant,

v

SPARTANNASH CO.,

        Defendant-Appellee.

UNPUBLISHED
May 21, 2019

No. 345049
Arenac Circuit Court
LC No. 17-013697-NO

Before: SWARTZLE, P.J., and M. J. KELLY and TUKEL, JJ.

PER CURIAM.

In this trip-and-fall case, plaintiff Patrick Shields appeals as of right the trial court's grant of summary disposition to defendant Spartannash under MCR 2.116(C)(10) (no genuine issue of material fact and the moving party is entitled to judgment as a matter of law). We affirm.

## I. BACKGROUND

On September 6, 2015, plaintiff tripped and fell inside the Family Fare grocery store in Standish, Michigan. Defendant owns the grocery store. That day, plaintiff and his wife visited defendant's grocery store around noon to get some groceries, as they returned from the casino. Both plaintiff and his wife testified that they were very familiar with the grocery store because they had lived nearby for many years, they shopped in the store once or twice per week, and plaintiff's wife formerly worked in the store. Plaintiff's intention when he entered the store was to use the bathroom before grocery shopping. Plaintiff knew exactly where the bathroom was located when he entered the store, and it was to the left of the store entrance.

As he entered the store, plaintiff tripped on a wooden pallet on which store employees had stacked packages of bottled water and a brightly-colored warning cone. Plaintiff alleges that, as a result of his fall in defendant's store, he sustained serious injuries, including a fracture of his left elbow and a fractured rib. The pallet was located just inside the only entrance to the store. Plaintiff's trip and fall was captured on the store's surveillance video. Still photographs from that video are part of the trial court record and clearly show plaintiff enter the store, catch his left foot on the front corner of the pallet, and fall to the ground. The photographs

demonstrate that the sides of the pallet were painted a bright blue, in stark contrast to the tile floor, while the top of the pallet was unfinished wood that was tan or beige in color.

Plaintiff testified that, when he first entered the store on the day of his fall, he did not see the pallet. Plaintiff conceded that he saw the bottled water and the warning cone. Plaintiff offered three reasons why he failed to see the pallet: (1) he had visited the store many times and he had never seen a pallet in that location before the day of his fall; (2) the warning cone was placed in the middle of the pallet, rather than on the corner of the pallet, and plaintiff thought he was avoiding the hazard by going around the cone; and (3) the color of the wooden pallet was such that, when viewed from a standing position, the pallet blended into the floor and was essentially invisible.

Plaintiff raised two counts in his complaint: premises liability (Count I) and violation of Michigan common law, statutes, ordinance, and building code (Count II). The trial court granted defendant's motion for summary disposition of Count II under MCR 2.116(C)(8), ruling that it was a disguised premises-liability claim. Plaintiff does not challenge that ruling on appeal. The trial court granted defendant's motion for summary disposition of Count I under MCR 2.116(C)(10), ruling that plaintiff's premises-liability claim was barred by the open-and-obvious-danger doctrine. Plaintiff appeals as of right the trial court's order granting summary disposition of his premises-liability claim.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo the grant or denial of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Lichon v American Universal Ins Co*, 435 Mich 408, 414; 459 NW2d 288 (1990). "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

### B. GENERAL PRINCIPLES OF PREMISES LIABILITY

As our Supreme Court stated in *Hoffner v Lanctoe*, 492 Mich 450; 821 NW2d 88 (2012):

> The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land. With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land. Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect. [*Id.* at 460 (citations omitted).]

-2-

In this case, there is no dispute that plaintiff was an invitee, defined as a person who enters upon another's land on an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises and make it safe for the invitee's reception. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). Because plaintiff was an invitee, defendant as the landowner had

> a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards. Thus, an invitee is entitled to the highest level of protection under premises liability law. [*Id*. at 597 (citations omitted).]

Although "landowners must act in a reasonable manner to guard against harms that threaten the safety and security of those who enter their land," it is also true that "landowners are not insurers; that is, they are not charged with guaranteeing the safety of every person who comes onto their land." *Hoffner*, 492 Mich at 459. Furthermore, a landowner has no duty to protect or warn an invitee of open and obvious conditions "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Id*. at 460-461. This is because "an obvious danger is no danger to a reasonably careful person." See *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474; 499 NW2d 379 (1993). "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon a casual inspection." *Hoffner*, 492 Mich at 461. This test is objective, with the proper inquiry being "whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478-479; 760 NW2d 287 (2008). The Michigan Supreme Court has stated that, when applying this test, "it is important for courts . . . to focus on the objective nature of the condition of the premises at issue, not the subjective degree of care used by the plaintiff." *Lugo v Ameritach Corp*, 464 Mich 512, 523-524; 629 NW2d 384 (2001).

## C. APPLICATION

Plaintiff argues that the trial court improperly viewed the evidence from defendant's perspective, rather than viewing the evidence in the light most favorable to plaintiff, when deciding defendant's motion for summary disposition. In addition, plaintiff argues that the condition that caused his fall was not an open-and-obvious danger, but was a deceptive condition and a trap that caused his injuries. We conclude that plaintiff's argument is without merit and that the trial court properly granted defendant's motion for summary disposition because the hazard on which plaintiff tripped and fell was open and obvious.

In this case, the photographs provided by the parties make clear that there was no genuine question of material fact and that the pallet was an open-and-obvious condition. The sides of the pallet were painted a bright blue, in stark contrast to the tile floor. Plaintiff acknowledges that the photographs show the blue coloring, but argues that the blue coloring could not be seen by a person walking near the pallet who was looking directly down on the top surface of the pallet

from above. And yet, plaintiff did not enter the store directly above the pallet; rather, he entered the store through the entrance door, where a person's line of sight would have clearly seen not just part of the top of the pallet, but also the bright-blue side of the pallet. Based on our review of the record in this case, we conclude that an average person with ordinary intelligence would have discovered the pallet upon a casual inspection, see *Hoffner*, 492 Mich at 461, and a reasonable person in plaintiff's position would have perceived the danger, see *Slaughter*, 281 Mich App at 478-479.

Plaintiff argues that defendant's employees negligently placed the warning cone on the middle of the pallet when they should have placed it on the corner of the pallet, because the corner of the pallet presented the actual trip-and-fall hazard. Plaintiff argues that the warning cone increased the danger and created a trap for store customers because it drew their attention away from the pallet itself. Regardless of the warning cone, the bright-blue color on the side of the pallet was in stark contrast to the tile floor and an average person with ordinary intelligence would have discovered the pallet upon a casual inspection. In this case, because the danger was open and obvious, defendant had no duty to warn or protect plaintiff from the danger presented by the wooden pallet. Therefore, the trial court properly granted summary disposition to defendant under MCR 2.116(C)(10).

Affirmed. Appellee, having prevailed in full, is entitled to tax costs under MCR 7.219.

/s/ Brock A. Swartzle
/s/ Michael J. Kelly
/s/ Jonathan Tukel

-4-