*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JB, Minor, by and through his guardian CAMILLA
BARNES,

        Plaintiff-Appellee,

v

DETROIT PUBLIC SCHOOL DISTRICT,

        Defendant,

and

TERRI SMITH,

        Defendant-Appellant.

UNPUBLISHED
August 11, 2022

No. 359479
Wayne Circuit Court
LC No. 18-007404-CZ

Before: RIORDAN, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

Defendant Terri Smith appeals as of right the trial court's order denying her motion for summary disposition pursuant to MCR 2.116(C)(7) and (10). On appeal, defendant argues that the trial court improperly denied her motion because plaintiff cannot establish that defendant was grossly negligent, thus entitling defendant to governmental immunity as a matter of law. We affirm.

## I. BACKGROUND

This Court previously summarized the facts of this case in *JB v Detroit Public Sch Dist*, unpublished per curiam opinion of the Court of Appeals, issued October 8, 2020 (Docket No. 348916):

> This case arises out of an incident at Henderson Academy in Detroit, Michigan, in October 2017. At an unspecified time during the school day on that date, defendant was teaching her first[-]grade class and her students were working on a handwriting assignment. JB was being disruptive so defendant told him to

leave her classroom and to go to the school's main office. After telling JB to leave her classroom, defendant and JB walked to the door connecting defendant's classroom to the hallway—defendant normally kept this door closed. Defendant opened the door and, after it appeared to her that JB was through the doorway and walking toward the main office, she turned back to the classroom as she closed the door. Unknown to defendant, however, JB had attempted to reenter the classroom—another teacher [Catherine Jones], who was a witness, described the incident as JB "lunging" toward the door. While doing so, the tip of JB's left middle finger was caught between the door and the doorframe near the door's hinges. When the door closed, the tip of JB's left middle finger was completely severed.

Defendant heard JB yell after she closed the door so she opened it and saw JB bleeding. Defendant took JB to the school nurse and eventually plaintiff arrived at the school and took JB to the hospital. The doctors were unable to reattach the tip of JB's left middle finger and he remains accordingly disfigured to this day.

Plaintiff filed a complaint on behalf of JB in August 2018 alleging assault and battery and gross negligence. Defendant eventually moved for summary disposition on [both] plaintiff's claims, but the trial court denied defendant's motion . . . . [*Id*. at 1-2.]

In particular, defendant moved for summary disposition under MCR 2.116(C)(7) (claim barred by governmental immunity) and (C)(10) (no genuine issue of material fact). *Id*. at 2. After defendant appealed the trial court's denial of this motion, this Court affirmed. *Id*. at 3-6. This Court explained that summary disposition was inappropriate for plaintiff's assault and battery claim because, when the facts were viewed in the light most favorable to plaintiff, there existed a genuine dispute of material fact regarding whether defendant intentionally closed the door on JB's finger and thus acted with the necessary good faith[1] required for governmental immunity to apply. *Id*. at 3-5. This Court also determined that summary disposition was generally premature because discovery was incomplete and defendant failed to respond to all of plaintiff's interrogatories. *Id*. at 5. Thus, this Court did not address plaintiff's gross negligence claim. See *id*. at 5 n 2.

Following this Court's ruling and the close of discovery, defendant again moved for summary disposition pursuant to MCR 2.116(C)(7) and (10), this time solely on plaintiff's gross negligence claim. The trial court dispensed with oral argument and entered an order denying defendant's motion based on the parties' filings alone, though it provided no supporting analysis for its decision. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "When a claim

---

[1] This Court explained that good faith is lacking when there exists "malicious intent, capricious action or corrupt conduct[,] or willful and corrupt misconduct." *Id*. at 4 (quotation marks and citation omitted).

is barred by governmental immunity, summary disposition is appropriate under MCR 2.116(C)(7)." *Petipren v Jaskowski*, 494 Mich 190, 201; 833 NW2d 247 (2013) (citation omitted). "Under MCR 2.116(C)(7), the moving party has the option of supporting its motion with affidavits, depositions, admissions, or other documentary evidence provided that the 'substance or content' of the supporting proofs is admissible as evidence." *Id.* (citation omitted). When reviewing a motion under MCR 2.116(C)(7), this Court must "accept the factual contents of the complaint as true unless contradicted by the movant's documentation. When the material facts are not in dispute, this Court may decide whether a plaintiff's claim is barred by immunity as a matter of law." *Id.* (citations omitted). "But when a relevant factual dispute does exist, summary disposition is not appropriate." *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012) (citation omitted).

Alternatively, a motion for summary disposition under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at 160. Courts must consider all evidence in a light most favorable to the nonmoving party. *Id.* The motion may only be granted when there is no genuine issue of material fact. *Id.* "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Yang v Everest Nat'l Ins Co*, 507 Mich 314, 320; 968 NW2d 390 (2021) (quotation marks and citation omitted). A moving party satisfies its burden under MCR 2.116(C)(10) by either "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim[] *or* by demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks and citation omitted). Once this initial burden is met, the nonmovant must "set forth specific facts showing that a genuine issue of material fact exists" and "may not rely on mere allegations or denials in the pleadings." *Id.* (citation omitted). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id.* (citation omitted). Issues of law are also reviewed de novo. *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 477; 760 NW2d 287 (2008).

Given the similarity of defendant's motions for summary disposition, resolution of defendant's appeal ultimately turns on the single issue of whether a question of fact exists concerning defendant's allegedly grossly negligent conduct and, in turn, her entitlement to governmental immunity as a matter of law.

### III.  ANALYSIS

Defendant argues that the trial court improperly denied her motion for summary disposition on plaintiff's gross negligence claim. In defendant's view, summary disposition was warranted because plaintiff's failure to show gross negligence entitled defendant to governmental immunity as a matter of law. We disagree.

"Governmental immunity from negligence claims applies to officers of a governmental agency when they are acting, or reasonably believe they are acting, within the scope of their employment, they are exercising or discharging a governmental function, and their conduct *does not amount to gross negligence* that is the proximate cause of the injury or damage." *Oliver v Smith*, 290 Mich App 678, 685; 810 NW2d 57 (2010) (emphasis added). See also MCL 691.1407(2). "For the purpose of governmental immunity, 'gross negligence' by an

employee involves 'conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.' " *Id*. (quoting MCL 691.1407(7)(a); alternate citation omitted). "It has been characterized as a willful disregard of safety measures and a singular disregard for substantial risks." *Id*. (citation omitted). "If reasonable jurors could honestly reach different conclusions regarding whether conduct constitutes gross negligence, the issue is a factual question for the jury. However, if reasonable minds could not differ, the issue may be determined by a motion for summary disposition." *Id*. (citation omitted). Accordingly, the sole issue in this appeal is whether there exists sufficient evidence to create a question of fact concerning whether defendant acted with gross negligence, thus making the issue of governmental immunity inappropriate for resolution via summary disposition.

Defendant contends that plaintiff cannot establish the necessary gross negligence to defeat her claim of governmental immunity. Defendant asserts that, given both her own and Catherine Jones's testimony that JB was outside the classroom before defendant closed the door, defendant could not have been so reckless as to demonstrate a substantial lack of concern for whether an injury would result. Defendant also notes Jones's testimony that JB turned around and lunged for the door as it was closing.

According to defendant, she simply sent JB to the office for his disruptive behavior and closed, but did not slam, the door; and even if she, in hindsight, could have been more careful when shutting the door, no particular circumstances existed to indicate that any additional precautions were necessary at that time. Given these facts, defendant claims she did not act recklessly, was not grossly negligent, and thus was entitled to governmental immunity as a matter of law. Notably, however, defendant does not address plaintiff's affidavit or testimony describing JB's statements at the hospital that defendant was angry with him and intentionally slammed the door to cause his injury.[2]

---

[2] Plaintiff's response argues, in part, that her affidavit (and presumably her deposition testimony, as well) describing JB's statements from the hospital (which was relied on by this Court in resolving defendant's prior appeal) are admissible under two hearsay exceptions—specifically, MRE 803(2) (excited utterance) and (4) (statements made for purposes of medical treatment or diagnosis). But while courts may only review "substantively admissible evidence" in deciding a motion for summary disposition, see *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999), this point on admissibility was never explicitly raised or addressed below, nor does defendant challenge the admissibility of plaintiff's statements as an issue in the current appeal. See *Mich Ed Ass'n v Secretary of State*, 280 Mich App 477, 488; 761 NW2d 234 (2008), aff'd 489 Mich 194 (2011) ("We are not obligated to consider issues not properly raised and preserved or first raised on appeal, . . . and we generally do not consider any issues not set forth in the statement of questions presented . . . ."). Accordingly, we follow this Court's analysis from defendant's earlier appeal, which involved the same unchallenged hearsay statements, and merely assume their admissibility for purposes of this appeal. See *JB*, unpub op at 4 n 1. As this Court previously stated: "Should there be an objection to such statements at trial, the trial court will have to make an independent determination as to the statements' admissibility . . . ."

We conclude that the trial court properly denied defendant's motion for summary disposition on plaintiff's gross negligence claim because a question of fact does exist regarding whether defendant acted with gross negligence, as defined under MCL 691.1407(7)(a). Where a question of fact exists concerning whether defendant acted with gross negligence, her claim of governmental immunity is inappropriate for resolution on a motion for summary disposition. See *Oliver*, 290 Mich App at 685.

Defendant is at least correct that *some* of the available evidence supports that JB's injury was accidental and not the result of any sufficiently reckless conduct by her. Jones, the other teacher who witnessed JB's injury from the hallway, testified that JB's injury was merely a "freak accident." She observed no indication that defendant was frustrated when instructing JB to go to the office and described defendant's voice as normal. Jones also stated that defendant did not slam the door, but closed the door normally as she was turning away from JB and back toward the classroom. Jones perceived that JB's injury occurred as he "lunged" back toward the door while it closed. And although defendant herself acknowledged that JB's disruptive behavior was somewhat frustrating, she confirmed not slamming the door. Defendant also testified that she simply closed the door as she saw JB heading towards the office, but that JB's finger was caught when he attempted to reenter the classroom; defendant apparently did not see JB trying to reenter, however, and thus described the incident as purely accidental.

But in plaintiff's deposition testimony, plaintiff opined that defendant intentionally caused JB's injury because JB told her so when they were at the hospital.[3] Plaintiff stated, "[JB] said that [defendant] was frustrated with him for not being able to fold the paper in class. [According to JB, defendant] walked him outside the door, he tried to get [back] in, [then] she got mad and slammed the door on his finger." Plaintiff made similar statements in her affidavit appended to her response to defendant's motion.

Viewing this evidence in a light most favorable to plaintiff, we conclude that a material factual dispute does exist as to whether defendant's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury would result. See *Oliver*, 290 Mich App at 685, quoting MCL 691.1407(7)(a). In particular, defendant's own admission that she was frustrated with JB's disruptions and noncompliance, in conjunction with JB's statements that she was angry and intentionally slammed the door, could allow reasonable jurors to conclude that defendant acted with gross negligence (and, as this Court previously ruled, even with malice). And even if defendant did not necessarily intend JB's injury, these facts potentially indicate that defendant, in

---

[3] At his own deposition, JB was generally hesitant to answer questions and could not recall much of what actually caused his injury or even the incident itself. When asked whether defendant had anything to do with his injury, JB merely shrugged and indicated that he did not know. Yet, he verbalized that he did not think defendant would hurt him on purpose.

her frustration, disregarded substantial risks by immediately closing the door with such force to sever the tip of JB's finger when, for example, she could have waited for JB to be a sufficient distance away before closing the door.

Affirmed.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Anica Letica