*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CONRAD PAUL BITTNER,

        Plaintiff-Appellant,

v

COFFEE CAPERS, LLC,

        Defendant-Appellee.

UNPUBLISHED
September 15, 2022

No. 358072
Macomb Circuit Court
LC No. 2020-002134-NO

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Conrad Paul Bittner went to get coffee with some friends at around 8:00 a.m. in late January 2020. It was lightly raining and Bittner believed the temperature had been above freezing since midnight. Bittner slipped and fell on black ice, and he subsequently sued Coffee Capers for his injuries. The trial court granted summary disposition to Coffee Capers, concluding that the black ice was an open-and-obvious danger and that no special aspects were present. We reverse.

According to Bittner, when he arrived at the coffee shop there was misting rain that made the ground wet, it was about 40 degrees, and had been above freezing since at least midnight; although the temperature was below freezing the day before. Bittner did not see any ice in the parking lot, but he did notice snow in the area. The misting rain made the ground wet, but Bittner did not slip or fall when entering the coffee shop. After ordering his coffee, Bittner received a message from a client that prompted him to walk to his car to get his computer. Bittner took almost the same route back to his car as he did to enter the coffee shop, but he slipped and fell on black ice. Bittner did not see the ice before or after his fall, but he could feel it once on the ground. Bittner injured his shoulder and hip as a result of the fall and sued Coffee Capers for his injuries.

Many of Bittner's friends who were at the coffee shop the day of the fall were deposed during discovery. They generally testified that it was cold and icy the day Bittner fell and that there was snow in the parking lot. One friend, however, testified that she "[did not] remember seeing snow."

Coffee Capers moved for summary disposition, arguing that the ice Bittner slipped on was an open-and-obvious danger and that no special aspects existed that would make it liable for

Bittner's injuries. Bittner responded, arguing that the ice was not an open-and-obvious danger because of the warm weather and lack of visible ice and snow in the parking lot. Coffee Capers replied, reiterating its previous arguments and additionally arguing that, even if the ice was an open-and-obvious danger, it did not have notice of the danger. Bittner filed an exception to Coffee Capers raising this new argument in its reply, arguing that doing so violated MCR 2.116(G)(1)(a)(*iii*). The trial court granted summary disposition to Coffee Capers after a hearing, reasoning that the ice was an open-and-obvious danger and no special aspects existed. Given its conclusion, the trial court did not address Coffee Capers's notice argument.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

Although a premises owner generally has a duty to protect invitees from dangerous conditions of the land, this duty does not extend to conditions in which the danger is open and obvious, unless special aspects of the condition make the risk unreasonably dangerous. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-517; 629 NW2d 384 (2001). A danger is open and obvious if "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). Wintery conditions are especially relevant when determining whether black ice was an open-and-obvious danger. See, e.g., *Ragnoli v North Oakland-North Macomb Imaging, Inc.*, 500 Mich 967 (2017); *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935 (2010).

Viewing the evidence in the light most favorable to Bittner, there is evidence that when he fell the weather had been above freezing for at least eight hours, there was misting rain that made the ground wet, and neither ice nor snow was visible outside the coffee shop. Although it may have been below freezing the day before, the lack of visible ice and snow carry more weight and the record does not address when the last snowfall was. A rainy day with sustained temperatures near 40 without any visible ice or snow, even in January, does not put a reasonable person on notice that there may be black ice on which he could slip. And, while temperatures near 40 might suggest that black ice was not present—calling into question the accuracy of Bittner's recall—ice in Michigan can take hours to melt, and it is not so fantastical a scenario to make Bittner's recollection implausible on summary disposition. Thus, when viewed in the light most favorable to Bittner, the evidence does not establish sufficient " 'indicia of a potentially hazardous condition,' including the 'specific weather conditions present at the time of [Bittner's] fall' " to conclude that the black ice he slipped on was an open-and-obvious danger. See *id.*, quoting *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008).

Coffee Capers argues that it is nevertheless entitled to summary disposition because it did not have notice of the ice on which Bittner slipped. But that issue was raised for the first time in its reply to Bittner's response to Coffee Capers's motion for summary disposition. Reply briefs

are limited to rebuttal and cannot be used to introduce new arguments. MCR 2.116(G)(1)(a)(*iii*). See also *Equity Funding, Inc v Village of Milford*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 257062); slip op at 3. Because Coffee Capers raised this argument for the first time at the trial court level in its reply brief, the trial court could not consider it there. Neither can we. Bittner was not provided with a fair opportunity to respond to Coffee Capers's notice argument with a response brief that could have added additional information to the record on the issue. Given this, Coffee Capers's notice argument is not properly before us so we will not address it further.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Bittner, as the prevailing party, may tax costs under MCR 7.219.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Brock A. Swartzle