# Order

Michigan Supreme Court
Lansing, Michigan

May 28, 2010

140071

THOMAS JANSON,
        Plaintiff-Appellee,

v

SAJEWSKI FUNERAL HOME, INC.,
        Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 140071
COA: 284607
Wayne CC: 06-622578-NO

On May 11, 2010, the Court heard oral argument on the application for leave to appeal the August 25, 2009 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the summary disposition ruling of the Wayne Circuit Court. The Court of Appeals failed to adhere to the governing precedent established in *Slaughter v Blarney Castle Oil Co,* 281 Mich App 474, 483 (2008), which renders alleged "black ice" conditions open and obvious when there are "indicia of a potentially hazardous condition," including the "specific weather conditions present at the time of the plaintiff's fall." Here, the slip and fall occurred in winter, with temperatures at all times below freezing, snow present around the defendant's premises, mist and light freezing rain falling earlier in the day, and light snow falling during the period prior to the plaintiff's fall in the evening. These wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection. *Novotney v Burger King Corp (On Remand),* 198 Mich App 470, 475 (1993). Moreover, the alleged condition did not have any special aspect. It was avoidable and not unreasonably dangerous. *Joyce v Rubin,* 241 Mich App 231, 243 (2002).

KELLY, C.J. (*dissenting*).

I would affirm the result reached by the Court of Appeals. Given the facts of this case, summary disposition was improper. Plaintiff raised a genuine issue of material fact regarding the open and obvious doctrine, and the issue should be submitted

to a jury.[1]

Black ice is not open and obvious unless 1) there is evidence that it was visible on casual inspection by the person who fell or 2) other indicia of a potentially hazardous condition were shown to exist.[2]  In this case, plaintiff presented evidence that when he fell, 1) precipitation was light and had tapered off earlier in the day, 2) the roads leading to defendant's premises were not icy, 3) defendant's parking lot appeared not to be icy, 4) plaintiff had not encountered ice in defendant's parking lot before his fall, and 5) a person employed by defendant who had been in the area saw no ice where plaintiff fell.

On the other hand, defendant presented evidence that 1) there was snow on the grass by the roads leading to defendant's premises at the time plaintiff fell, 2) temperatures had been below freezing throughout the day, 3) it had rained and misted earlier in the day, and 4) defendant's parking lot was generally slippery.

The trial court was required to evaluate this evidence in the light most favorable to the plaintiff.[3]  Given the conflicting evidence, a genuine issue of material fact existed.  I agree with the Court of Appeals that summary disposition should not have been granted.

CAVANAGH and HATHAWAY, JJ., would deny leave to appeal.

---

[1] See, generally, *Bertrand v Alan Ford, Inc,* 449 Mich 606, 609-611 (1995).

[2] *Slaughter v Blarney Castle Oil Co,* 281 Mich App 474, 483 (2008).

[3] See *Wade v Dep't of Corrections*, 439 Mich 158, 162 (1992).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 28, 2010

Clerk

0525