**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0865n.06

No. 13-1083

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | |

**FILED**
Oct 03, 2013
DEBORAH S. HUNT, Clerk

PATRICIA WHITE,                           )
                                          )
    Plaintiff-Appellant,                  )    ON APPEAL FROM THE
                                          )    UNITED STATES DISTRICT
v.                                        )    COURT FOR THE EASTERN
                                          )    DISTRICT OF MICHIGAN
SUNRISE SENIOR LIVING                     )
MANAGEMENT, INC.,                         )
                                          )
    Defendant-Appellee.                   )
                                          )

BEFORE: BATCHELDER, Chief Judge; GUY and MOORE, Circuit Judges.

PER CURIAM. Patricia White appeals the district court's decision to grant summary judgment in favor of Sunrise Living Management, Inc. (Sunrise) in this premises liability action. We affirm.

Between 6:35 and 6:45 a.m. on January 18, 2011, White slipped and fell on an icy sidewalk on Sunrise's premises while walking from the parking lot to the assisted living facility. After White filed a complaint in state court, claiming severe personal injuries, Sunrise removed the case to the district court based on diversity of citizenship and moved for summary judgment. Concluding that there was no genuine issue of material fact as to whether White's claim was barred by the "open and obvious" doctrine, the district court granted Sunrise's motion. This timely appeal followed.

We review the district court's decision to grant summary judgment de novo. *Rupert v. Daggett*, 695 F.3d 417, 422 (6th Cir. 2012). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Michigan law, "a landowner's duty to a visitor depends on that visitor's status." *Stitt v. Holland Abundant Life Fellowship*, 614 N.W.2d 88, 91 (Mich. 2000). The district court considered White to be an invitee, to whom "a premises possessor owes a duty . . . to exercise reasonable care to protect . . . from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v. Ameritech Corp.*, 629 N.W.2d 384, 386 (Mich. 2001). This duty generally does not require a premises possessor "to protect an invitee from open and obvious dangers," *id.*, "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid," *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012). The "open and obvious" standard is an objective one: "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* at 94-95.

In Michigan, it is "well established that wintry conditions, like any other condition on the premises, may be deemed open and obvious." *Id.* at 96. "Michigan courts thus ask whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Id.* at 96-97. "[B]lack ice is . . . either invisible or nearly invisible, transparent, or nearly transparent." *Slaughter v. Blarney Castle Oil Co.*, 760 N.W.2d 287, 292 (Mich. Ct. App. 2008). Black ice may be an open and obvious

danger "when there are 'indicia of a potentially hazardous condition,' including the 'specific weather conditions present at the time of the plaintiff's fall.'" *Janson v. Sajewski Funeral Home, Inc.*, 782 N.W.2d 201, 201 (Mich. 2010) (quoting *Slaughter*, 760 N.W.2d at 292).

White testified that on January 17, the day prior to her fall, the weather conditions included rain and snow with freezing temperatures. According to Roger Kernott, the Sunrise employee who assisted White after her fall, the weather on the morning of January 18 was "extremely icy." Kernott encountered freezing rain and slippery streets as he drove to work and, when he walked outside at Sunrise, stepped off the icy sidewalk and walked through wood chips. White recalled that she took caution and reduced her speed while driving to Sunrise that morning because of the bad weather conditions. White testified that it was dark and raining when she arrived at Sunrise, but could not recall whether it was freezing rain. In an affidavit, White stated that she was unable to see any ice on the sidewalk, but noticed after she fell that the area was covered in ice.

White contends that there is a factual issue as to whether there was freezing rain or simply rain. But White's inability to recall does not create a disputed fact. *See Bishop v. Hackel*, 636 F.3d 757, 768 69 (6th Cir. 2011); *Pratt v. Brown Mach. Co.*, 855 F.2d 1225, 1233 (6th Cir. 1998) (holding that a plaintiff "may not create a dispute of fact concerning an issue about which he has no recollection"). Given the undisputed wintry weather conditions at the time of White's fall, a reasonably prudent person would have foreseen the danger of ice on the sidewalk. *See Janson*, 782 N.W.2d at 201.

Because the ice on the sidewalk was objectively open and obvious, we affirm the district court's decision to grant summary judgment in favor of Sunrise.