# STATE OF MICHIGAN

# COURT OF APPEALS

MARGUERITE RAGNOLI and PAUL
RAGNOLI,

UNPUBLISHED
April 12, 2016

Plaintiffs-Appellants,

v

No. 325206
Oakland Circuit Court
LC No. 2014-138563-NO

NORTH OAKLAND-NORTH MACOMB
IMAGING, INC.,

Defendant-Appellee.

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiffs appeal by right the order granting defendant's motion for summary disposition in this premises liability action. We reverse and remand for further proceedings.

This action arose from plaintiff Marguerite Ragnoli's slip and fall on black ice in defendant's parking lot. On appeal, plaintiffs argue that the trial court erred in granting defendant's motion for summary disposition and denying plaintiffs' motion for reconsideration because genuine issues of material fact existed regarding whether the black ice in the parking lot presented a dangerous condition that was not open and obvious upon casual inspection.

We review de novo the trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). "[A] motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint [.]" *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition under MCR 2.116(C)(10) is proper when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." The grant or denial of a motion for reconsideration is reviewed for an abuse of discretion. *Corporan v Henton*, 282 Mich App 599, 605-606; 766 NW2d 903 (2009). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Id.* (citation omitted).

Generally, a premises possessor owes a duty to his invitees to exercise reasonable care to protect them from an unreasonable risk of harm caused by a dangerous condition on the land. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). A premises possessor does not owe a duty to warn or protect an invitee from dangers that are open and obvious. *Buhalis v*

-1-

*Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. "Generally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." *Buhalis*, 296 Mich App at 694. If a condition is open and obvious, liability arises only if there were special aspects to the condition. *Hoffner*, 492 Mich at 461.

Plaintiffs argue that Marguerite slipped on a small patch of black ice that was not open and obvious and was obscured by a lack of lighting in the parking lot. In cases alleging premises liability involves an accumulation of ice and snow, the courts examine "whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Id.* at 464 (citation and quotation marks omitted). Black ice may be open and obvious if it "would have been visible on casual inspection before the fall or without other indicia of a potentially hazardous condition," including the "specific weather conditions present at the time of the plaintiff's fall." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008). In *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010), our Supreme Court held that "wintry conditions by their nature would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection."

Here, we agree with defendants that the weather conditions presented indicia of a potentially hazardous condition. Temperatures on the date of Marguerite's fall were below freezing. Snow was piled in the center of the parking lot and between the sidewalk and the building. Marguerite testified that on the day in question she saw some melted snow patches and there were was some dampness in the parking lot as she walked to the dumpster. She also saw some light ice on the walkway that was typically caused by dripping from the roof and avoided it. Moreover, Marguerite noticed that the parking lot looked wet before she fell. The freezing temperatures, piles of snow, and the apparent wetness or dampness on the pavement were all indicia of wintery conditions that supported the trial court's finding that the black ice Marguerite encountered was open and obvious.

However, plaintiffs also alleged that a lack of lighting in the parking lot prevented Marguerite from seeing the ice. Marguerite testified that she did not see the ice before her fall, it was dark outside, and the lights in the parking lot had not come on yet. Other individuals working in the building described the lighting in the parking lot as "dim" and "very low." Marguerite's husband, plaintiff Paul Ragnoli, testified that he observed the parking lot right before Marguerite's fall, and observed that the lights were either not on or extremely dim. Defendant's office manager testified that she did not know what time the parking lot lights came on, and that the lights were controlled by the owner of the building next door. Based on this evidence regarding the inadequate lighting in the parking lot, we agree with plaintiffs that there was a question of fact as to whether Marguerite could have noticed the black ice upon casual inspection.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood