*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTINE SOAVE,

        Plaintiff-Appellant,

v

BARNES REAL ESTATE HOLDINGS, LLC,

        Defendant/Cross-Plaintiff,

and

BELLE TIRE DISTRIBUTORS, INC., doing business as BELLE TIRE,

        Defendant/Cross-Defendant-Appellee,

and

BACKER LANDSCAPING, INC.,

        Defendant/Cross-Defendant/Cross-Plaintiff-Appellee,

and

PREMIER LAWN CARE AND SNOW REMOVAL, LLC,

        Defendant/Cross-Defendant.

UNPUBLISHED
May 19, 2022

No. 357196
Macomb Circuit Court
LC No. 2019-003032-NO

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

PER CURIAM.

-1-

Christine Soave slipped and fell on an icy sidewalk as she walked from a Belle Tire store to her parked car. She sued four defendants asserting claims of premises liability, negligence, and nuisance. Soave dismissed her claims against one defendant and the circuit court granted summary disposition in favor of the remaining three. We affirm.

## I. FACTUAL BACKGROUND

Soave visited a Belle Tire store in Roseville on a cold, snowy day in November 2018. The store's surveillance video reveals ice in places on the driveway leading to and from the store's entrance, and a dusting of snow on the nearby grass. Soave testified that when she entered the store there was snow on the driveway, but "there wasn't any ice." Forty-five minutes later when she began walking on the "same path" back to her car, Soave fell on a "big spot" of ice. She admitted that there was a "dry area" on the path back to her car, but she did not see it because a man was standing in front of her and blocked her view. During discovery, Soave established that Belle Tire's manager had ordered an employee to spread salt over the "approach" sidewalk that morning before the store opened.

Soave's amended complaint identified two categories of defendants: the landowners or possessors (Barnes Real Estate Holdings, LLC and Belle Tire Distributors, Inc.), and the companies that provided snow and ice-removal services to the store (Backer Landscaping, Inc., and its subcontractor, Premier Lawn Care and Snow Removal, LLC). The parties stipulated to the dismissal of Barnes. For a variety of reasons, the circuit court granted summary disposition to the remaining defendants under MCR 2.116 (C)(10). Soave has elected not to challenge the grant of summary disposition in favor of Premier Lawn Care.

## II. ANALYSIS

Because our review of a grant of summary disposition is de novo, we need not defer to the circuit court's legal analysis. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). Viewing the evidence in the light most favorable to Soave, we consider whether the two remaining defendants are entitled to summary disposition as a matter of law. See *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

## A. BACKER LANDSCAPING, INC.

Soave's brief on appeal presents no argument whatsoever regarding the dismissal of Backer Landscaping, thereby abandoning any claims against this defendant. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

## B.  BELLE TIRE

Soave contends that she slipped and fell on "nearly invisible black ice" which did not present an obvious danger on casual inspection, and that the hazard was unavoidable.  We must reject both arguments.[1]

In *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010), the Supreme Court explained that "black ice" is "open and obvious when there are 'indicia of a potentially hazardous condition,' including the 'specific weather conditions present at the time of the plaintiff's fall.' "[2]  Wet surfaces, too, supply notice of ice.  *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 634-635; 971 NW2d 716 (2021).  Soave admitted that there was visible snow and that it was a cold and snowy day, and she acknowledged that the path she charted for herself was wet.  The record establishes that others saw ice on the ground.  *Janson* compels us to conclude that the ice on which Soave fell was open and obvious.

We next consider whether the ice was effectively unavoidable.  "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be required or compelled to confront a dangerous hazard."  *Hoffner v Lanctoe*, 492 Mich 450, 469; 821 NW2d 88 (2012) (emphasis omitted).  Like this case, *Hoffner* involved a business invitee.  The Supreme Court concluded that an invitee's visit to a business does not satisfy the "compulsion" requirement because a commercial visitor does not have an "unquestionable necessity" to use the service a business offers.  *Id*. at 470-471 (emphasis omitted).  Recently the Supreme Court created an exception to the stringent "effectively unavoidable" rule, holding in *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 349; 968 NW2d 397 (2021), that "a hazard can be deemed effectively unavoidable if the plaintiff confronted it to enter his or her place of employment for purposes of work."  *Livings*, however, is inapplicable here.  Because no evidence supports that Soave was effectively trapped in the Belle Tire office and without recourse to a safe route to her car, her argument that the ice was effectively unavoidable fails.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Sima G. Patel

---

[1] Soave raised a nuisance claim in the circuit court but has not presented any argument regarding nuisance on appeal.

[2] *Janson* is an order that meets the standards for precedential effect. "An order of this Court is binding precedent if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012).