*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JACQUELINE JONES-LOVE,

   Plaintiff-Appellant,

UNPUBLISHED
September 15, 2022

v

TRADEFIRST.COM, INC.,

   Defendant,

No. 357967
Oakland Circuit Court
LC No. 2019-174606-NO

and

COOLIDGE PARK, LP,

   Defendant/Third-Party Plaintiff-
   Appellee,

and

CASH GIANT, LLC, doing business as CASH
GIANT #4,

   Defendant/Third-Party Defendant,

and

PROFESSIONAL BEAUTY CENTER, INC.,

   Defendant.

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Jacqueline Jones-Love slipped and fell on a sidewalk on a snowy day in late December. After she fell, Jones-Love noticed black ice on the sidewalk, so she sued Coolidge Park, LP, the

-1-

owner of the premises. Coolidge Park moved for summary disposition, arguing that the ice was an open-and-obvious danger given the wintery conditions at the time Jones-Love fell. The trial court agreed and Jones-Love appealed by delayed leave granted, *Jones Love v Coolidge Park, LP*, unpublished order of the Court of Appeals, entered December 8, 2021 (Docket No. 357967). We affirm.

Jones-Love went to get her hair done in a strip mall the day before Christmas Eve. She arrived between 4:30 and 5:00 pm, but her hairdresser was running late, so Jones-Love left and returned around 6:00 or 6:30 p.m. When she returned, it was about 30 degrees, lightly snowing, and some snow had accumulated on the sidewalk; she was wearing a jacket and "a short boot that has a grip on the bottom of it." Given the time of day, it was dark outside, but Jones-Love could see clearly. There were also icicles hanging from the strip mall's triangular architectural features overhanging the parking lot that day. Jones-Love took about three or four steps on the sidewalk before slipping on black ice and falling; her head hit the ground and she "probably blacked out." Although Jones-Love did not see the ice before she fell, after the fall she saw that she slipped on a patch of ice that was four or five feet wide.

Jones-Love sued Coolidge Park, among others, for injuries she sustained in her fall. As discussed, the trial court granted summary disposition to Coolidge Park and this appeal followed.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

Although a premises owner generally has a duty to protect invitees from dangerous conditions of the land, this duty does not extend to conditions in which the danger is open and obvious, unless special aspects of the condition make the risk unreasonably dangerous. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516-517; 629 NW2d 384 (2001). A danger is open and obvious if "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993). Wintery conditions are especially relevant when determining whether black ice was an open-and-obvious danger. See, e.g., *Ragnoli v North Oakland-North Macomb Imaging, Inc.*, 500 Mich 967 (2017); *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935 (2010).

There was sufficient " 'indicia of a potentially hazardous condition,' including the 'specific weather conditions present at the time of [Jones-Love's] fall' " to conclude that the black ice she slipped on was an open and obvious danger. See *id*., quoting *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 483; 760 NW2d 287 (2008). Jones-Love testified that, when the fall occurred, she was able to see her surroundings clearly despite the low light. Additionally, the fall occurred in late December during a known wintery period, Jones-Love testified that the weather was below freezing, it was snowing, she saw snow on the sidewalk, and she observed icicles on the building

-2-

itself. These were all strong indicators of wintery conditions and ice is a known wintery condition. Additionally, she was able to see the ice after her fall and testified that it was four or five feet wide; she did not testify that the ice was uniquely difficult to observe. When all of these factors are considered together, a reasonable person would have considered the wintery conditions on the day that Jones-Love fell and concluded that there was a risk of ice. Thus, the ice that Jones-Love slipped on was an open-and-obvious danger.

Jones-Love argues that Coolidge Park is nevertheless liable because the strip mall's triangular architectural features created a special aspect that made the premises unreasonably dangerous. But the special-aspects doctrine considers "whether there are truly 'special aspects' *of the open and obvious condition* that differentiate the risk from typical open and obvious risks so as to create an unreasonable risk of harm." *Lugo*, 464 Mich at 517 (emphasis added). The focus of the analysis is on the open-and-obvious danger, not the entire premises. See *id*. at 517-518. Jones-Love does not argue that the ice she slipped on was especially dangerous or different from any other instance of black ice. Her argument that the premises itself presents a special aspect misunderstands the doctrine and, therefore, is unavailing.

Finally, Jones-Love argues that we should adopt the reasoning expressed by Chief Justice McCormack's concurring opinion in *Estate of Livings v Sage's Investment Group, LLC*, 507 Mich 328, 350-361; 968 NW2d 397 (2021) (MCCORMACK, C.J., concurring), because Jones-Love assumes that standard will soon be the law in Michigan. Whatever the merits of Chief Justice McCormack's concurrence, as a concurrence her opinion does not have any precedential force. See *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 535-536; 821 NW2d 117 (2012). Binding precedent dictates the result in this case.

Affirmed. Coolidge Park, as the prevailing party, may tax costs under MCR 7.219.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Brock A. Swartzle