*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANICE KEENMON,

       Plaintiff-Appellee,

v

VILLAGE SQUIRE APARTMENTS, LLC, and
HARTMAN AND TYNER, INC.,

       Defendant-Appellants.

UNPUBLISHED
April 27, 2023

No. 360973
Wayne Circuit Court
LC No. 21-000438-NO

Before: M. J. KELLY, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

Plaintiff was living in defendants' apartment complex when she slipped on ice and fell in defendant's parking lot. Defendants argued that the natural accumulation of ice and snow was open and obvious. The trial court denied defendants' motion for summary disposition because it found that there was a factual dispute about whether defendants exercised ordinary care. We reverse.

Plaintiff wanted to drive to a social event, and she was attempting to place an item for that event in the front passenger-side seat of her car when she moved from a snow-covered yard onto the icy parking lot pavement. Plaintiff's car was parked in a handicapped parking spot, and she was injured when she slipped on the ice and fell. After falling, plaintiff was able to take a picture of the conditions. Defendants moved for summary disposition under MCR 2.116(C)(10), and they argued that plaintiff opted to traverse the conditions through the snow-covered mulch and yard rather than walk through parking lot to access her vehicle. Further, the danger was open and obvious given the conditions, and plaintiff could have avoided those conditions, according to defendants.

The trial court found that there was a factual dispute regarding whether defendants attempted to remedy the icy conditions of the parking lot, and that a genuine issue of material fact existed regarding whether defendants exercised ordinary care.

Defendants now appeal by leave granted. *Janice Keenmon v Village Squire Apartments, LLC*, unpublished order of the Court of Appeals, entered July 28, 2022 (Docket No. 360973).

-1-

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (cleaned up). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

A premises owner "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp,* Inc, 464 Mich 512, 516; 629 NW2d 384 (2001). There is, however, "no duty to protect or warn of dangers that are open and obvious because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). A danger is open and obvious when "an average person of ordinary intelligence [would] discover the danger and the risk it presented on casual inspection." *Price v Kroger Co of Mich*, 284 Mich App 496, 501; 773 NW2d 739 (2009). This is an objective test that considers "whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008).

Plaintiff argues that the ice was not visible because it was "black ice." Our Supreme Court has held, however, that "black ice conditions [are] open and obvious when there are indicia of a potentially hazardous condition, including the specific weather conditions present at the time of plaintiff's fall." *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934; 782 NW2d 201 (2010). In this case, the photo presented by plaintiff clearly showed that there was snow on the ground and ice on the parking lot pavement. Furthermore, the weather conditions would have alerted a reasonable person in plaintiff's position to the potential danger of "black ice." Thus, there is no genuine issue of material fact that the conditions were open and obvious.

"[A]s a limited exception to the circumscribed duty owed for open and obvious hazards, liability may arise when special aspects of a condition make even an open and obvious risk unreasonable." *Hoffner*, 492 Mich at 461. The Michigan Supreme Court "has discussed two instances in which the special aspects of an open and obvious hazard could give rise to liability: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id*. at 463 (emphasis in original). These "exceptions to the open and obvious doctrine are *narrow* and designed to permit liability for such dangers only in *limited*, extreme situations." *Id*. at 472 (emphasis in original). An "unreasonably dangerous hazard must be just that—not just a dangerous hazard, but one that is *unreasonably* so. And it must be *more than* theoretically or retrospectively dangerous, because even the most unassuming situation can often be dangerous under the wrong set of circumstances." *Id*. (emphasis in original) "Unavoidability is characterized by an *inability to be avoided*, an *inescapable* result, or the *inevitability* of a given outcome." *Hoffner*, 492 Mich at 468 (emphasis in original). "Accordingly, the standard for effective unavoidability is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard. As a parallel conclusion, situations in which a person has a *choice* whether to confront a hazard cannot truly be unavoidable, or even effectively so." *Id*. at 468-469 (emphasis in original).

In this case, plaintiff has not demonstrated that the conditions were unreasonably dangerous, and this Court has explained that "[t]he fact that the ice patch on which plaintiff fell was located near a handicapped parking space did not give rise to a uniquely high likelihood of harm or severity of harm." *Royce v Chatwell Club Apartments*, 276 Mich App 389, 395–396; 740 NW2d 547 (2007). Further, plaintiff has not demonstrated that she was required or compelled to confront the icy conditions on the passenger side of her vehicle. Plaintiff chose to traverse the icy conditions on the passenger side of her vehicle to place an item on the passenger seat. There is nothing in the record to suggest that she could not safely put the item in the back of her vehicle, or place it in the passenger seat via the driver's side entrance. Because plaintiff had a choice to confront the icy conditions on the passenger side of her vehicle, that "hazard cannot truly be unavoidable." *Hoffner*, 492 Mich at 468-469. Thus, there is no genuine issue of material fact that there were no special aspects of the open and obvious conditions that created liability for defendants.

Reversed. We do not retain jurisdiction. Defendants, as the prevailing parties, may tax costs under MCR 7.219.

/s/ Michael J. Kelly
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney