*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHLEEN ARMSTRONG,

       Plaintiff-Appellant,

v

NATHAN BINING, M.D., PLLC,
and BINING FAMILY, LLC,

       Defendants-Appellees,
and

FIRST ORIENTAL THERAPY AND LAKNERS
LANDSCAPING,

       Defendants.

UNPUBLISHED
May 4, 2023

No. 358873
Wayne Circuit Court
LC No. 20-002626-NO

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition to defendants, Nathan Bining, M.D., PLLC, and Bining Family, LLC, in this slip and fall case, on the grounds that the icy condition was open and obvious and defendants had no notice of the condition. We affirm.[1]

## I. FACTS

Plaintiff slipped and fell on the sidewalk of premises owned by defendants. She does not recall many details about the weather conditions that morning, but recalls that the road, parking lot, and sidewalk looked wet. The parking lot was plowed and the sidewalks were shoveled. After she parked and got out of her vehicle, she walked from the parking lot to the sidewalk and, shortly

---

[1] First Oriental Therapy and Lakners Landscaping were dismissed by stipulated order and are not parties to this appeal; thus, our reference to "defendants" means only Nathan Bining, M.D., PLLC, and Bining Family, LLC.

thereafter, fell on ice that was on the sidewalk and was injured. Plaintiff only noticed the ice on the sidewalk after she was on the ground. Other people had walked on the sidewalk with no problem.

Subsequently, plaintiff sued defendants alleging ordinary negligence and premises liability. Defendants moved for summary disposition under MCR 2.116(C)(10), contending that plaintiff did not establish the element of duty because the ice on the sidewalk was an open and obvious condition without special aspects giving rise to liability under a premises liability theory. Further, defendants argued, they had no notice of the ice on the sidewalk. And, because plaintiff's injuries allegedly arose from a dangerous condition on the land, the action sounded in premises liability—not ordinary negligence. In response, plaintiff argued that the ice was not open and obvious and defendants had, or should have had, notice of the hazardous condition on the sidewalk. Further, defendants were negligent because they did not inspect or salt the sidewalk. The trial court granted defendants' motion for summary disposition, concluding that even if plaintiff did not see the icy condition—or "black ice"—before she fell, there was indicia that should have alerted her to the potentially dangerous condition because it was winter, the temperature was below freezing, snow was present around the premises, there had been light freezing rain and snow prior to the fall, the area had been plowed and shoveled, and plaintiff admitted that she saw "wet" conditions. That is, plaintiff could have discovered the ice on the sidewalk on casual inspection; therefore, the ice on the sidewalk was open and obvious and there were no special circumstances giving rise to liability. Further, the court noted, multiple patrons had walked in the area without any problems and defendants had no notice of the issue. Accordingly, the case was dismissed and this appeal followed.

## II. DISCUSSION

Plaintiff argues that the trial court erred in granting defendants' motion for summary disposition because defendants knew or should have known about the ice on the sidewalk, and the ice was not open and obvious. We disagree.

## A. STANDARD OF REVIEW

We review a decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion brought under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). In reviewing a motion under MCR 2.116(C)(10), all the evidence submitted by the parties is considered in the light most favorable to the non-moving party to determine whether there is a genuine issue regarding any material fact. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## B. ANALYSIS

Plaintiff alleged a cause of action under theories of both ordinary negligence and premises liability. However, plaintiff's injury arose from an allegedly dangerous condition on the land, i.e.,

an icy sidewalk; therefore, the action sounds in premises liability and not ordinary negligence. See *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012).

## 1. NOTICE

Plaintiff argues that the trial court erred in granting defendants summary disposition because defendants knew, or should have known, the sidewalk plaintiff slipped on was icy; therefore, they breached a duty owed to plaintiff as an invitee. "In a premises-liability action, as in any negligence action, the plaintiff must establish the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered damages." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 626; 971 NW2d 716 (2021). It is undisputed that defendants owed a duty of care to plaintiff as an invitee.

> The possessor of land owes the greatest duty to an invitee, being the duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a dangerous condition on the premises. The possessor of the premises breaches that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix, guard against, or warn the invitee of the defect. The plaintiff must demonstrate that the premises possessor had actual or constructive notice of the dangerous condition at issue. [*Id*. at 627 (quotation marks and citations omitted).]

To demonstrate the defendants had constructive notice, a plaintiff must establish the unsafe condition "is of such a character or has existed a sufficient length of time that [defendants] should have knowledge of it." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10-11; 890 NW2d 344 (2016) (citation omitted).

In this case, plaintiff failed to present sufficient facts to establish that defendants had actual or constructive notice of the ice on the sidewalk. With regard to actual knowledge, plaintiff did not see the ice on the sidewalk until she slipped and fell. There is no evidence that anyone else fell on the day of the incident or on the prior day. The owner of First Oriental Therapy (FOT) did not fall on her way into the building that morning, or when she assisted plaintiff off the ground. Similarly, plaintiff testified that an unknown man who attempted to assist her did not fall. Also, there is no evidence plaintiff's son fell when he came onto the premises to pick plaintiff up to go to the hospital. Further, FOT's owner testified that she called defendants to inform them of the ice on the sidewalk only after plaintiff fell. Therefore, plaintiff failed to proffer evidence to demonstrate defendants had actual notice of the ice on the sidewalk before plaintiff's fall. See *Jeffrey-Moise*, 336 Mich App at 627.

Similarly, plaintiff failed to present evidence establishing a genuine issue of fact on the issue whether defendants had constructive notice of the ice on the sidewalk. Plaintiff did not proffer any evidence about the character of the unsafe condition. See *Lowrey*, 500 Mich at 10-11. There was no evidence about potential conditions on the premises that could have led to ice on the sidewalk. There was no evidence of the presence of ice anywhere other than the area where plaintiff fell. Plaintiff only contended that the entire area looked wet. Lastly, there was no evidence on how long the ice was on the sidewalk such that defendants should have known about

the condition. See *id*. Therefore, plaintiff failed to establish defendants had constructive notice of the ice on the sidewalk the morning plaintiff slipped and fell. See *Jeffrey-Moise*, 336 Mich App at 627.

Plaintiff contends that three pieces of evidence, taken together, establish defendants knew or should have known of the hazardous condition of the sidewalk. The evidence includes: (1) defendants' admission that they failed to contract for de-icing services, (2) statements made by the owner of Lakners Landscaping that ice could form after a sidewalk has been shoveled if the temperature is cold enough, and (3) plaintiff's own testimony that FOT's owner told her that there had been problems with the sidewalk in the past. Contrary to plaintiff's assertion, the evidence does not demonstrate a question of fact precluding summary disposition.

First, plaintiff argues that defendants breached their duty to inspect the premises for unsafe conditions because defendants neither contracted for de-icing services nor performed the service themselves. It is clear defendants have an obligation to reasonably inspect its premises for dangerous conditions. See *Jeffrey-Moise*, 336 Mich App at 627. However, in *Lowrey*, our Supreme Court stated that it "has never required a defendant to present evidence of a routine or reasonable inspection . . . to prove a premises owner's lack of constructive notice of a dangerous condition on its property." *Lowrey*, 500 Mich at 10. During depositions, defendants admitted they did not contract for de-icing services on the sidewalks and, because they mistakenly thought that they had, no one performed that service. Plaintiff asserts that evidence of the failure to contract for de-icing services is essentially an admission of failing to ever inspect the premises for icy conditions. This inference is unfounded. Defendants testified that every year they purchase salt for their tenants and place it near the door so that if there is ice, either they or their tenants can salt the sidewalk. Defendants did not admit to not inspecting the premises, just that they mistakenly assumed they hired a company to perform the de-icing service. Further, as held in *Lowrey*, in a motion for summary disposition the burden is not on defendants to come forward with evidence regarding their inspection practices. See *Lowrey*, 500 Mich at 8-11. Thus, this evidence does not support a finding that defendants had constructive notice of the ice on the sidewalk on the morning of plaintiff's slip and fall.

Second, plaintiff contends that statements made by the owner of Lakners Landscaping—including that ice could form on a sidewalk after it has been shoveled—is sufficient to provide defendants with notice that the failure to contract for de-icing services could lead to hazardous conditions. In response to a question on whether ice forms on a sidewalk after it has been shoveled, the owner stated "it varies depending on the weather condition, but a lot of times just shoveling, it does . . . it does kind of create like a black ice-ish thing, you know, depending on the [temperature]." The owner of Lakners Landscaping testified that ice *could* form, not that it did form, the morning of the incident. Therefore, because the testimony provides general insight on ice formation, it bears no significance on whether defendants had constructive notice of any ice forming on the morning of plaintiff's fall.

Finally, plaintiff provides excerpts of her own deposition testimony which included that FOT's owner told her that there had been issues with snow and ice on the sidewalk in the past. When reviewing a motion for summary disposition, the reviewing court should only consider "substantively admissible evidence actually proffered in opposition to the motion." *Maiden*, 461 Mich at 121. Plaintiff's reliance on her own statement recalling what FOT's owner allegedly told

-4-

her about the sidewalk after she fell is inadmissible hearsay. " 'Hearsay' is a statement, other than the one made by the declarant while testifying . . . offered in evidence to prove the truth of the matter asserted." MRE 801(c). In *Maiden*, our Supreme Court stated: "By presenting inadmissible hearsay evidence, a nonmoving party is actually promising to create an issue for trial where the promise is incapable of being fulfilled. The nonmovant is not *showing* that a genuine issue exists." *Maiden*, 461 Mich at 123 n 5. Here too, by referring to a hearsay statement to oppose summary disposition, plaintiff fails to establish there is a genuine issue of fact. Further, at her deposition, FOT's owner denied having issues regarding ice and snow removal in the past. Rather, FOT's owner testified that, in the past, when she noticed there was ice on the sidewalk, she would call defendants to inform them of the condition. Again, this evidence is insufficient to establish defendants had constructive notice that there was ice on the sidewalk on the morning plaintiff fell.

In summary, plaintiff did not proffer evidence sufficient to establish a genuine issue of fact regarding whether defendants had actual or constructive notice of ice on the sidewalk on the morning plaintiff slipped and fell. See *Jeffrey-Moise*, 336 Mich App at 627. The fact that defendants failed to contract for de-icing services does not mean defendants failed to inspect the premises. Evidence that ice could form after a sidewalk has been shoveled does not establish ice did in fact form the morning of the incident. Finally, evidence of plaintiff's own statement as to what FOT's owner purportedly told her is inadmissible. Accordingly, the trial court did not err in granting defendants' motion for summary disposition on the ground that defendants had no notice of the allegedly dangerous condition on the sidewalk.

## 2. OPEN AND OBVIOUS

Plaintiff also argues that the trial court erred in granting summary disposition because the ice on the sidewalk was not open and obvious, necessitating submission of the issue to a jury. As noted, defendants owed a duty of care to plaintiff as an invitee. See *Jeffrey-Moise*, 336 Mich App at 627. However, "[a]bsent special aspects, this duty generally does not require the owner to protect an invitee from open and obvious dangers." *Benton v Dart Props, Inc*, 270 Mich App 437, 440-441; 715 NW2d 335 (2006). "The special aspects that cause even open and obvious conditions to be actionable are those that make the conditions 'effectively unavoidable,' or those that 'impose an unreasonably high risk of severe harm.' " *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 478; 760 NW2d 287 (2008), quoting *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 518; 629 NW2d 384 (2001). Invitees are not protected from open and obvious dangers because "by their nature, [these dangers] apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012).

> Whether a dangerous condition is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. This is an objective test in which the court considers the objective nature of the condition of the premises at issue. [*Jeffrey-Moise*, 336 Mich App at 633 (quotation marks and citations omitted).]

In *Slaughter*, this Court rejected the defendant's argument that black ice should be open and obvious as a matter of law. *Slaughter*, 281 Mich App at 481-483. Rather, black ice is open and obvious if there is an "indicia of a potentially hazardous condition," including "the circumstances and specific weather conditions present at the time of plaintiff's fall[.]" *Id*. at 483.

In *Janson v Sajewski Funeral Home, Inc*, 486 Mich 934, 935; 782 NW2d 201 (2010), our Supreme Court adopted the standard for black ice established in *Slaughter*. In *Hoffner*, our Supreme Court again emphasized that the presence of black ice in winter does not automatically make it open and obvious. *Hoffner*, 492 Mich at 464. Rather, the inquiry is "whether the individual circumstances, including the surrounding conditions, render a snow or ice condition open and obvious such that a reasonably prudent person would foresee the danger." *Id*.

Because plaintiff has not argued that special aspects of the condition exist, the question is whether the trial court erred in finding that the ice on the sidewalk was open and obvious. See *Slaughter*, 281 Mich App 478. The undisputed facts support a conclusion that the trial court did not err in finding that the ice on the sidewalk was open and obvious. Plaintiff had lived in Michigan for at least 20 years. She was familiar with the weather conditions that accompany Michigan winters. Plaintiff testified that she slipped and fell at about 9:00 a.m. There is no testimony that the area was dim or that there were conditions obstructing the view of the sidewalk. In fact, plaintiff testified that the area was well lit. Plaintiff did not recall specifies about the weather conditions other than it was cold enough that she wore her winter gear. Although plaintiff testified that the parking lot and sidewalk were cleared of snow, she did see snow on the side of the road and on the landscaping next to the building. Plaintiff recalled that the road on her way to FOT, the parking lot, and the sidewalk that led into the building all looked wet. Taken together, the circumstances would have indicated to a reasonable person, upon casual inspection, that the wet sidewalk was potentially hazardous. See *Hoffner*, 492 Mich at 464; *Slaughter*, 281 Mich App at 483. Accordingly, the trial court did not err in granting defendants' motion for summary disposition on the ground that the ice on the sidewalk was open and obvious.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly