*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT GELIA,

       Plaintiff-Appellant,

v

HILLSDALE SMILES, PLLC,

       Defendant-Appellee.

UNPUBLISHED
February 1, 2024

No. 364026
Hillsdale Circuit Court
LC No. 2022-000031-NO

Before: REDFORD, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

Plaintiff appeals from an order of the circuit court granting summary disposition in favor of defendant on plaintiff's premises liability claim.[1] We vacate the order granting summary disposition and remand the matter to the trial court.

Plaintiff's complaint alleged that he suffered serious injuries on or about January 19, 2021, when he fell on defendant's premises "on a sheet of invisible ice." In his deposition, plaintiff testified that on the day in question he parked in defendant's parking lot. He did not see any snow on the ground in the parking area. He slipped and fell as he stepped out of his truck, hitting his hip and right leg on the truck. He also gouged his shin in the fall. When he put his hand to the ground to push himself back up, he discovered that "there was nothing but ice on" the parking lot and that was "when I realized there was black ice."

Defendant moved for summary disposition under MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). Specifically, with respect to

---

[1] Plaintiff's complaint also included a claim for general negligence. But the parties agreed that that claim would be dismissed.

the premises liability claim, defendant plead that there was no genuine issue of material fact that plaintiff's claim was precluded because the icy condition was open and obvious.[2]

The trial court granted defendant's motion, opining as follows:

> In reviewing the—the pleadings, I—I've done some of my own research. And—and I know it was referenced, but I have actually taken the trouble of printing the case of *Janson versus Sajewski Funeral Home* [*Inc*], 486 Mich 934 [; 782 NW2d 201 (2010)], because I found it to be very instructive. It states, it actually references the *Slaughter versus Blarney Castle Oil* [*Co*, 281 Mich App 474; 760 NW2d 287 (2008)] case, and it says: it renders that:
>
> > That case renders alleged black ice conditions to be open and obvious when there are indicia of potentially hazardous conditions including the specific weather conditions present at the time of Plaintiff 's fall. And that's the case here.
> >
> > Here the slip and fall occurred in winter with temperature at all times below freezing, snow present around the Defendant's premises; mist and light freezing rain falling earlier in the day; and light snow falling during the period prior to Plaintiff's fall in the evening. These wintery conditions, by their nature, would have alerted an average user of ordinary intelligence to discover the danger upon casual inspection.
>
> And it goes on to say there was no special aspect. That is the finding in the *Janson* case with reference back to, as I said, the—the *Slaughter* matter.
>
> It is clear that an open and obvious condition will bar recovery. There is an exception for black ice because, by its very nature, black ice is not open and obvious. That—that's what the caselaw says.
>
> I find that there's also an exception to the exception. That exception is negated when there is other indicia of a potentially hazardous condition as I just read from the *Janson* case.
>
> In this case, it was January, the coldest month in the state of Michigan. The temperatures had consistently been below freezing. There were snow flurries the day before. There was snow on the ground. The Plaintiff in this case is a lifelong Michigan resident. And while that alone is clearly not enough to satisfy the indicia of the potentially hazardous condition, I find that the rest of these things very clearly mirror the *Janson* case.

---

[2] The (C)(8) motion was directed at the negligence claim, arguing that plaintiff cannot pursue a negligence claim where the claim sounds in premises liability.

I also find that there was no special aspect to the black ice, and for that reason, I will grant this motion for summary disposition.

Plaintiff now appeals and we vacate the grant of summary disposition.

The only issue before this Court is whether the trial court erred in granting summary disposition based upon the open-and-obvious-danger doctrine. Although the trial court's conclusion may well have been correct given the state of the law when it rendered its decision, our Supreme Court made a significant change to the law in this area while this case was pending on appeal. See *Kandil-Elsayed v F & E Oil, Inc*, __ Mich __; __ NW2d ___ (2023). Given some of the principles cited by the trial court are now of questionable validity in light of the *Kandil-Elsayed* decision, we conclude that it is necessary to reverse the grant of summary disposition and remand the matter to the trial court for further proceedings.[3]

The Court in *Kandil-Elsayed*, slip op at 2, summarized its holding as follows:

In *Lugo v Ameritech Corp, Inc,* 464 Mich 512, 516-517; 629 NW2d 384 (2001), we held that courts must analyze both the open and obvious danger doctrine and any exceptions to it under the element of duty. The *Lugo* Court also held that if a danger is open and obvious, only where an invitee "provide[s] evidence of special aspects of the condition" will the invitor still owe a duty of care. *Id*. at 514. We conclude that *Lugo* was wrongly decided and must be overruled in two respects. First, we overrule *Lugo*'s decision to make the open and obvious danger doctrine a part of a land possessor's duty. Rather, we hold that the open and obvious nature of a condition is relevant to breach and the parties' comparative fault. Second, we overrule the special-aspects doctrine and hold that when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care.

Clearly, given that it was the controlling law at the time, the trial court analyzed the motion for summary disposition under *Lugo* and its progeny both with respect to the issue whether the open-and-obvious issue goes to duty or to reach of duty and comparative negligence, as well as the application of the now-repudiated special-aspects doctrine. Furthermore, there is relatively little light between the facts of this case and those of *Kandil-Elsayed*. The case before us involves a slip-and-fall on black ice, while *Kandil-Elsayed* involved a slip-and-fall on snow-covered ice. *Kandil-Elsayed,* slip op at 3. The Court concluded that, under its new framework, there now existed questions of material fact when the defendant breached its duty and, therefore, a remand

---

[3] It should be noted that both parties' primary briefs on appeal were filed before the Supreme Court rendered its decision in *Kandil-Elsayed*. Plaintiff did file a reply brief which addressed the effect of *Kandil-Elsayed*. Also, defense counsel at oral argument suggested that *Kandil-Elsayed* should not be given retroactive effect. Unbeknownst to either counsel or this panel, our court earlier that morning released a published opinion holding that *Kandil*-Elsayed is to be applied retroactively and applies to "all cases currently pending on direct appeal." *Gabrielson v. Woods Condominium Association, Inc*., __ Mich App __; __ NW2d ___ (2024), slip op at 2.

-3-

was necessary.  *Id*. at 44.  If that is necessary in a case where the condition is more obvious than that of black ice, a similar result is necessary here.

For these reasons, we vacate the trial court's grant of summary disposition on plaintiff's premises-liability claim.  Defendant is free to renew its motion for summary disposition on remand.  If so, the trial court shall decide the motion in light of the framework set forth in *Kandil-Elsayed.*

Vacated and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.  Plaintiff may tax costs.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney